## M. P. WYNNE v. W. A. WARD ET AL.

Decided December 23, 1905.

**1.—Deed—Quitclaim—Innocent Purchaser.**

It is settled law in Texas that if an inspection of the whole deed discloses that the vendee purchased, and the vendor sold, the land, as distinguished from a mere claim or chance of title, the instrument will support the plea of innocent purchaser.

**2.—Notice—Junior Purchaser.**

Whether a junior purchaser had notice or knowledge of a prior conveyance is always a fact inquiry. The junior purchaser must, as against the legal title in the senior purchaser make his innocence affirmatively appear.

Appeal from the District Court of Jefferson County. Tried below before Hon. G. P. Dougherty, Special Judge.

*Eugene E. Easterling* and *John Broughton,* for appellant.—A deed, the granting clause of which conveys only the right, title and interest of the grantor in the land, is a quit claim deed, or such a deed as puts the purchaser on notice that the vendor may not then possess the title to the land, in that no definite estate or title to the land is conveyed by such an instrument, and a party holding under such a deed can not be a bona fide purchaser without notice of a prior unrecorded deed from the same grantor. Hunter v. Eastham, 95 Texas, 648; Waggoner v. Dodson, 96 Texas, 415; Threadgill v. Bickerstaff, 87 Texas, 520; White & Newman v. Frank, 91 Texas, 66; Cattle Co. v. Bedford, 91 Texas, 642; Shepard v. Hunsacker, 1 Posey, 578; Carleton v. Lombardi, 81 Texas, 355; Slaughter v. Coke County, 79 S. W. Rep., 863; Culmell v. Borroum, 35 S. W. Rep., 942; Daugherty v. Yates, 35 S. W. Rep., 937; Bumpas v. Anderson, 51 S. W. Rep., 1103; Reynolds v. Shaver, 27 S. W. Rep., 78.

A granting clause in a deed which conveys only the right, title and interest of the grantor in land is a declaration in the deed under which the purchaser asserts claim to the land, that the vendor has no certain title to or estate in the land, and the binding force and effect of this declaration on the vendee is not counteracted, modified or destroyed, even though such granting clause is followed in the deed by any number of expressed or implied covenants, either one of which would be sufficient to carry to the vendee any title to the land, which his vendor might afterwards acquire. Richardson v. Levy, 67 Texas, 359; Waggoner v. Dodson, 96 Texas, 415; Willis v. Gay, 48 Texas, 463; Graham v. Hawkins, 1 Posey, 514; White v. Frank, 91 Texas,

66; Hanrick v. Gurley, 48 S. W. Rep., 994; Wade on Notice, sec. 33, 270.

Before a prior unrecorded deed conveying land will be postponed by a junior conveyance, the junior purchaser must show, at the time of the second conveyance to him, the concurrent existence of the following facts: First, that the conveyance to him conveyed the apparent title to the land; second, that he was a bona fide purchaser without notice of the prior deed; and, third, that he paid full value for the land. Waggoner v. Dodson, 96 Texas, 415; Patty v. Middleton, 82 Texas, 586; Baldwin v. Root, 90 Texas, 552; Richardson v. Levy, 67 Texas, 359; Sanborn v. Shuler, 86 Texas, 118.

Where from the language of the granting clause of the deed, taken together with the habendum clause, the intention of the grantor, as expressed, is free from doubt and ambiguity, the warranty clause, attached to the deed, can not be looked to for the purpose of changing the clear intent of the grantor, as expressed by the deed, as the warranty clause forms no part of the conveyance. Richardson v. Levy, 67 Texas, 359; Flaniken v. Neal, 67 Texas, 629; Graves v. Pfluger, 63 S. W. Rep., 651; White v. Frank, 91 Texas, 70.

There being no doubt or ambiguity in the language of the granting clause in a deed, but the same showing by using the expression, my right, title and interest in the land, the grantor's clear and emphasized intent to convey no definite estate in or title to the land, the habendum clause in the deed, however clearly it may express an intention to convey the land, can not be looked to for the purpose of creating or conveying a definite estate or title, as the office of the habendum is to enlarge or limit a specific estate or title which is the subject of the granting clause. Threadgill v. Bickerstaff, 87 Texas, 520; Shepard v. Hunsacker, 1 Posey, 578; Moore v. City of Waco, 85 Texas, 206; Wright v. Lancaster, 48 Texas, 255; Sumner v. Williams, 8 Mass., 174; Smith v. Pollard, 19 Vt., 272; Cummings v. Dearborn, 56 Vt., 441; Young v. Clippenger, 14 Kansas, 148; Washburn, Real Property, vol. 4, 458; 4 Kent., 524.

The recitals in a deed are evidence against all parties to the instrument, and those holding under it, and parol testimony is not admissible for the purpose of showing that the instrument is of a character other than that which its terms import, as against a stranger to such instrument. Waggoner v. Dodson, 96 Texas, 415; Dean v. Hudson, 1 Posey, 369; Willis v. Gay, 48 Texas, 463.

If in the deed there is no ambiguity in the language used in the premises, nor anything in its parts to create a doubt as to the intent in using that language, parol testimony is admissible to show attending circumstances to determine whether or not the grantor intended to convey the land or his right to it. Harrison v. Boring, 44 Texas, 255; Taylor v. Harrison, 47 Texas, 460; Threadgill v. Bickerstaff, 87 Texas, 520; House v. Johnson, 36 S. W. Rep., 916.

*Smith, Crawford & Sonfield,* for appellees.—Whether a deed be a quit claim deed or not, is dependent upon the intent of the parties to it, as that intent appears from the language of the instrument itself. If the deed purports, and is intended to convey only the right, title

and interest in the land as distinguished from the land itself, it is considered within the strictest sense of a quit claim deed, and will not sustain the defense of an innocent purchaser. If it appears that it was the intention to convey the land itself, then it is not such a quit claim deed, although it may possess characteristics peculiar to such deeds. Moore v. Swift, 67 S. W. Rep., 1065; Garrett v. Christopher, 74 Texas, 453; Abernathy v. Stone, 81 Texas, 430; Stanley v. Hamilton, 33 S. W. Rep., 601; Richardson v. Levy, 67 Texas, 360; Dycus v. Hart, 21 S. W. Rep., 299; Kempner v. Beaumont Lumber Co., 49 S. W. Rep., 414.

Where there is a repugnance between the words expressing the grant, and the habendum, concerning the estate, the grantee is to take, the rule governing the construction of all contracts will apply, and effect will be given to both clauses if possible; and if it appears from the whole instrument that it was intended by the habendum clause to restrict or enlarge the estate conveyed by the words of the grant, the habendum clause will prevail. Devlin on Deeds, vol. 1, secs. 214 and 215a; Barnett v. Barnett, 104 Cal., 298; Bodines Admr. v. Arthur, 91 Ky., 53; 34 Am. St. Rep., 162.

GILL, CHIEF JUSTICE.—This is an action of trespass to try title brought by M. P. Wynne in the usual form to recover of appellees three hundred and twenty acres of land out of the P. J. Chiles survey in Jefferson and Hardin Counties. From a judgment in favor of defendants Wynne has appealed.

The case is here upon agreed facts and one law question. The nature of the case and the question are thus stated by appellants counsel in the brief, which statement we adopt.

"Appellant showed title to the land by deed dated September 13, 1886, from Richard H. Barrow recorded on the 24th of July, 1901. The appellees claim under an instrument from the same grantor dated the 26th of September, 1898, to Jean S. Ward, one of the defendants. At the time of the conveyance to Jean S. Ward of the same land by the same grantor, appellant's prior deed was not of record, and the defendants claimed to be innocent purchasers without notice of appellant's senior deed.

The question at issue was whether or not the instrument from Barrow to Ward is a quit claim deed, or such an instrument as would conclude defendants from interposing the defense of innocent purchaser for value without notice of appellant's prior unrecorded deed."

This must be supplemented by the further statement that it was shown that Mrs. Ward paid the consideration named in the deed of 1898 without actual notice of the plaintiff's unrecorded deed, and that the consideration was fair and adequate.

The deed under which Mrs. Ward and her coappellees claim is as follows:

"Know All Men By These Presents: That I, Richard H. Barrow, of Brazoria County, Texas, for and in consideration of the sum of fourteen hundred and forty ($1,440) dollars, to be paid and secured to be paid by Mrs. Jean S. Ward, of her separate estate and property, as follows, to wit: Four hundred and eighty ($480) dollars cash in

hand, the receipt of which is hereby acknowledged; four hundred and eighty ($480) dollars secured by a certain promissory note of even date herewith, due and payable one year after date, and four hundred and eighty ($480) dollars, secured by a promissory note of even date herewith, due and payable two years after date, both of said notes signed by Mrs. Jean S. Ward, have bargained, sold and conveyed, and by these presents do bargain, sell and convey unto the said Mrs. Jean S. Ward, and unto her separate use and behest, and unto her heirs and assigns, all my right, title and interest in and to all that certain tract or parcel of nine hundred and sixty (960) acres off of the north end of that certain survey of twelve hundred and eighty (1,280) acres of land, in Jefferson and Hardin Counties, Texas, patented to Mrs. P. J. Chiles, to the patent of which, as of record in Book 'Y,' pages 262-3, Jefferson County records, reference is hereby made for a perfect description thereof. To have and to hold all and singular the said tract of land, unto Mrs. Jean S. Ward, and unto her heirs and assigns, forever. And I do hereby bind myself, my heirs and legal representatives, to forever warrant and defend the title to the same unto the said Mrs. Jean·S. Ward, and unto her heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof. But it is distinctly understood that the vendor's lien is reserved upon the said property till both of said notes shall have been well and truly paid according to their face, and with all interest thereon, when this deed shall become absolute. In testimony of all which I hereto set my hand this 26th day of September, 1898.

(Signed) Richard H. Barrow."

The only ground urged in the brief for reversal of the judgment is that the deed is a quit claim, and for that reason will not support the plea of innocent purchaser for value.

Counsel in support of this contention has filed an able brief, and ably presented his position in oral argument, entering in each instance into an exhaustive review of the authorities.

We shall not undertake to follow counsel nor to discuss the question at any length. Insofar as it applies to the deed in question and its attendant facts, the question is not an open one in this State. Whatever doubt may have existed upon the point, it is now the settled law in Texas that if an inspection of the whole instrument discloses that the vendee purchased and the vendor sold the land, as distinguished from a mere claim or chance of title, the instrument will support the plea of innocent purchaser. Moore v. Swift, 67 S. W. Rep., 1065; Garrett v. Christopher, 74 Texas, 453.

It is also true that in cases of doubtful construction, the payment of adequate consideration and the retention of a vendor's lien for the purchase money, may be taken into consideration. Richardson v. Levi, 67 Texas, 359; Harrison v. Boring, 44 Texas, 256; Taylor v. Harrison, 47 Texas, 460; Abernathy v. Stone, 81 Texas, 430; Kempner v. Beaumont Lumber Co., 49 S. W. Rep., 412; Threadgill v. Bickerstaff, 87 Texas, 523; Hunter v. Eastham, 95 Texas, 648.

The right in any case to postpone a senior to a junior deed rests

in part upon the absence of notice or of knowledge of some fact or circumstance which ought to have provoked effective inquiry.

Whether there was such notice or knowledge is always a fact inquiry. If in the deed, under which the claimant asserts the right, are found recitals which ought to have put him upon inquiry, the investigation need proceed no further. His claim of innocence fails. But if the deed contains no such recital, the inquiry need not stop, for it may still appear that notice came from other sources. Indeed, under a conveyance absolute in form, the claimant must, as against the legal title, make his innocence affirmatively appear.

It is therefore clear that in holding a quit claim deed to be notice, only the effect of it as evidence is declared. If then there are other features of the instrument which, either standing alone or construed in the light of attendant circumstances, rebut the idea that either the vendor or vendee had any doubt as to the title, there is no reason why the vendee should not be held innocent.

We think the judgment should be affirmed and it is so ordered.

*Affirmed.*

Writ of error refused.