Beverly Hunter et al. v. Mrs. Delha Eastham et al.

No. 1129. Decided June 25, 1902.

1.—Power of Attorney—Conveyance—Consideration.

A power of attorney to "sell" land conferred a power on the agent to make conveyance; but it did not authorize him to convey without consideration or upon a consideration inuring to the agent. (Pp. 652, 653.)

2.—Same—Innocent Purchaser—Legal Title—Burden of Proof.

Under a power authorizing the attorney in fact to sell the land of the grantor, such attorney's conveyance in consideration of the cancellation of a debt due from him to the grantee did not, though it recited payment of the consideration in cash, pass the legal title of his principal; one buying from such grantee might be protected as an innocent purchaser; but he had the burden of

proving, aside from the production of title papers, his payment of a consideration and his good faith in the purchase. (Pp. 651-653.)

.3.—Same—Purchase of Grantor's Interest.

A conveyance of the grantor's interest in the land described, with warranty against those claiming through him, shows, prima facie at least, that the purchaser bought only such title as the grantor had. Harrison v. Boring, 44 Texas, 262. (Pp. 651-653.)

Error to the Court of Civil Appeals for the First District, in an appeal from Walker County.

Hunter and others sued Eastham and others in trespass to try title, appealed from a judgment for defendants, and on its affirmance obtained writ of error.

*McKinney & Hill,* for plaintiffs in error.—A power to sell land does not authorize a conveyance thereof. A power to sell and convey does not authorize a conveyance without consideration. Frost v. Cattle Co., 81 Texas, 509; Smith v. Powell, 23 S. W. Rep., 1111; Skaggs v. Murchison, 63 Texas, 353; Compress Co. v. Manufacturing Co., 64 Texas, 338; Foundry Co. v. Gorman, 34 S. W. Rep., 308; Randall v. Duff, 79 Cal., 115; Morton v. Morris, 3 Texas Ct. Rep., 720.

In the first place, as stated by the court, "the title to the land as against Caroline and Beverly Hunter did not pass to Pace by the conveyance from Robert Hunter, because he was not authorized to make the conveyance in satisfaction of his individual debt." This being true, the legal title remained in Caroline and Beverly Hunter. It was admitted that they were the common source, and such admission on the trial of the case puts a perfect and complete legal title in them, and they were required to do nothing more to make out their case. If the defendants on the trial had then shown by any competent evidence that Eastham had purchased the land and paid value for it without notice of the fraudulent action on the part of Robert Hunter in executing a conveyance to the land in satisfaction of his own debt, then, and not till then, were the plaintiffs required to show anything more than a title in themselves.

That deed from Pace to Eastham and the recital therein are not sufficient to sustain the court's finding that Eastham "purchased the land for a valuable consideration," and that said deed and its recitals are no evidence against appellants we think will abundantly appear from the case of Watkins v. Edwards, 23 Texas, 447, and Culmell v. Borroum, 35 Southwestern Reporter, 942; also, Lacoste v. Odam, 26 Texas, 458; Hawley v. Bullock, 29 Texas, 217; Hammond v. Keigwin, 39 Texas, 42; Bremer v. Case, 60 Texas, 153; Railway v. Chaffin, 60 Texas, 555; Overstreet v. Manning, 67 Texas, 664; Lindsay v. Freeman, 83 Texas, 267. The question before the court, then, in its last analysis, is, can the appellees recover in this case by simply showing a conveyance from Pace, without showing that the consideration expressed in such conveyance

was paid and without showing that Eastham was a bona fide purchaser of said land without notice?

But is the conveyance from Pace to Eastham such a conveyance as will support the claim of innocent purchaser? That a quitclaim deed will not support such a claim is fully established by the authorities. Daugherty v. Yates, 35 S. W. Rep., 937; Carleton v. Lombardi, 81 Texas, 357; Harrison v. Boring, 44 Texas, 262; Lumpkin v. Adams, 74 Texas, 102; Hamman v. Keigwin, 39 Texas, 42; Carter v.Wise, 39 Texas, 275; Milam County v. Bateman, 54 Texas, 169; Rogers v. Burchard, 34 Texas, 452; Harrison v. Boring, 44 Texas, 255; Richardson v. Levi, 67 Texas, 363.

*Bell, Dean & Humphrey*, for defendants in error.—If the proposition that Pace paid no consideration to Robert Hunter, except the antecedent debt due by Hunter to him, for the conveyance by the said Hunter to the said Pace of the premises in controversy should be held by the court to be supported by the evidence contained in this record, still the court should hold that Beverly and Caroline Hunter, by their conduct subsequent to the execution of said conveyance by Robert Hunter to Pace, acquiesced in and ratified the said conveyance.

The legal title of Beverly and Caroline Hunter to the premises in controversy passed to W. R. Pace through the power of attorney executed by them to Robert Hunter and through the deed of the latter to said Pace, and the said legal title passed to B. Eastham on December 1, 1880, by the deed of said date from the said Pace to the said Eastham, and the said legal title is now in the defendants in error as the successors in estate of the said B. Eastham; and if the plaintiffs in error as the heirs of Beverly and Caroline Hunter, or if the said Beverly and Caroline Hunter themselves, had any kind of right to said premises after the execution of the said deed of conveyance by Robert Hunter to W. R. Pace, the said right was purely an equitable one which ought to have been enforced by a suit at the instance of the said Beverly and Caroline Hunter to rescind and set aside the said conveyance by the said Robert Hunter to the said W. R. Pace, brought within ten years after the execution of the said conveyance; and the said Beverly and Caroline Hunter having neglected and failed to institute within their lifetime an action for the setting aside of said alleged fraudulent conveyance, though the said Beverly Hunter lived nearly twenty years after the execution thereof and the said Caroline Hunter lived more than thirteen years after the execution thereof, the demand of the heirs of the said Beverly and Caroline Hunter as plaintiffs in this suit, instituted more than twenty years after the execution of said conveyance, is stale and barred. Montgomery v. Noyes, 73 Texas, 209; Mayes v. Manning, 73 Texas, 43; Dull v. Blum, 68 Texas, 299; League v. Henecke, 26 S. W. Rep., 729.

The legal title having passed from Beverly and Caroline Hunter to W. R. Pace through the power of attorney to Robert Hunter and the deed from Robert Hunter to Pace, and the said Pace having conveyed the

premises in controversy to B. Eastham more than twenty years before the institution of this suit, and the deed from the said Pace to the said Eastham reciting the payment of the consideration thereof, and the court having found as a fact that the said consideration was paid, and it not having been shown that the said Eastham had any notice at the time of his purchase of said premises from Pace of the alleged failure of Pace to pay in cash to Robert Hunter the consideration recited in the deed from said Hunter to said Pace, the said Eastham should now be held to be an innocent purchaser, for value without notice, of the premises in controversy herein. On proposition that the burden was on plaintiffs to show that Eastham purchased the land with notice of their equity, see Barnes v. Jameson, 24 Texas, 362; Fordtram v. Perry, 60 S. W. Rep., 1000; Saunders v. Isbell, 24 S. W. Rep., 308; Taylor v. Harrison, 47 Texas, 454. On proposition that the deed from W. R. Pace to B. Eastham is not a quitclaim deed and is sufficient to support, in favor of those holding thereunder, the defense of innocent purchaser in good faith for value, see Garrett v. Christopher, 74 Texas, 453; Finch v. Trent, 22 S. W. Rep., 1321; 24 S. W. Rep., 679; Lewis v. Terrell, 26 S. W. Rep., 754; Laughlin v. Tips, 28 S. W. Rep., 51.

WILLIAMS, ASSOCIATE JUSTICE.—The plaintiffs in error brought this suit to recover of defendants in error a tract of 250 acres of land. Plaintiff's title was derived by inheritance from their father and mother, Beverly and Caroline Hunter, deceased. Defendants claimed under conveyances purporting to proceed from the same persons, as follows: On the 26th day of November, 1879, Beverly and Caroline, being about to remove from Texas to Kansas, executed to their son, Robert Hunter, a power authorizing him to "sell" the land in controversy, the instrument expressing no other power. Soon afterwards the makers of the power moved to Kansas, where Caroline died in 1892 or 1893, and Beverly in 1899 or 1900, neither having ever returned to Texas. On the 5th day of January, 1880, Robert Hunter, by virtue of the power of attorney, executed a deed to the land to W. R. Pace, reciting payment of $112.50 as the consideration. Pace, on December 1, 1880, conveyed the land to B. Eastham by the following instrument:

"State of Texas, County of Walker.—Know all men by these presents that I, W. R. Pace, in consideration of one hundred and forty-five and 25-100 to me in hand paid by B. Eastham, the receipt is hereby acknowledged, have bargained, sold, and by these presents do grant, bargain, sell, convey and release unto the said B. Eastham, all my right, title and interest in and to the following described tract of land, situated in Walker County, in the David Thompson H. R. or L.; for a full description see Walker County records, Book O, pages 73, 74, 75 and 76, from Gibbs to Silas Morgan, and from Morgan to Beverly Hunter. Then in Book I of the records of power of attorney, pages 9 and 10 for Robert Hunter power attorney, and then from deed from Robert Hunter to me, see in

Walker Co. records, Book V, pages 418 and 419. See also Sheriff Harrison's deed for 170 acres of the above tract to me, for taxes for 1879, dated May 24th, 1880, said to contain 250 acres. All the conveyances, that is, power of attorney from Beverly Hunter and Caroline Hunter to Robert Hunter, & deed from Robert Hunter to J. S. Harrison, sheriff tax deed, are made part of this conveyance. Together with all and singular the rights, members, hereditaments and appurtances to the same belonging or in anywise incident or appertaining. To have and to hold, all and singular, the premises above mentioned, unto the said B. Eastham, his heirs and assigns forever. And I do hereby bind myself, my heirs and assigns, to warrant and forever defend all and singular the said premises unto the said B. Eastham, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, by or through me.

"Huntsville, Texas, Dec. 1st, 1880.                    "W. R. Pace."

Defendants in error have Eastham's title. The Court of Civil Appeals found that the consideration recited in the deed from Robert Hunter to Pace was not paid, but that the true consideration was the cancellation of a debt due by the former to the latter, and that nothing was ever paid to Beverly and Caroline Hunter.

Both courts below found that the consideration recited in the deed from Pace to Eastham was paid by the latter. Of this fact there was no evidence, except the recital in the deed and such as was afforded by the circumstances of the case, which were that all of these instruments were in due time placed of record; that Eastham and his representative, since his purchase, have paid taxes upon, claimed and used the land, and that plaintiffs and their ancestors have not in any way asserted a claim until the bringing of this action, September 7, 1901.

The Court of Civil Appeals also found that there was no evidence that Eastham had notice of the character of the transaction, but treated the case as one in which there was no evidence either way upon the point. The court held that the legal title passed by the conveyances stated, and that the burden was on plaintiffs to prove notice to Eastham of the infirmity.

We are of the opinion that this conclusion is based upon a misconception of the character of the titles of the parties. We agree with the Court of Civil Appeals that the power to sell included a power in the agent, in selling, to execute the conveyance necessary to complete a sale,—there being nothing in the instrument or in the nature of the transaction to exclude this construction; and that the deed from the attorney in fact to Pace, on its face, appears to be a sufficient execution of such power. But the power was a naked one, unaccompanied by any interest of the agent in the land. The agent, having no title of his own, could only pass that of his principal by an exercise of the power granted: that is, by selling the land and executing a conveyance in effecting a sale. No power was given to convey without consideration, or upon a consideration

inuring to the agent, and the attempt of the agent to do this was, by itself, inoperative upon the title and passed nothing. Meade v. Brothers, 28 Wis., 689; Campbell v. Campbell, 15 N. W. Rep., 138; Dupont v. Wertheman, 10 Cal., 368; Randall v. Duff, 19 Pac. Rep., 533; Jeffrey v. Hursh, 12 N. W. Rep., 898; Duputron v. Young, 134 U. S., 241; Mott v. Smith, 16 Cal., 534.

These authorities all hold that such a transaction does not pass the legal title out of the principal, but leaves it in him unaffected by the mere deed of the agent. It necessarily follows that one holding under such a transaction can not rest upon the deed from the agent alone, since it has not divested the title out of the principal, but must bring to its support other facts establishing grounds for his protection in equity. This he can do by showing facts which constitute him an innocent purchaser. While such a purchaser has not acquired the legal title, he has acted upon evidence of a regular title which the owner of the property, through the power intrusted to his agent, has enabled the agent to create, and may have paid out his money in reliance upon it, with no notice of its infirmity. It would be a fraud upon him to allow a recovery by the party whose trust in his own agent has enabled him to practice the deception. But such a case is not made by the mere production of the title papers, nor by proof that the purchaser has paid for the property; but to its completeness good faith on his part is essential, and must be shown by him in order to establish an equitable right superior to the legal title. Until such a case has been made, the legal title must prevail.

Therefore, treating the case upon the facts, as the Court of Civil Appeals treated it, as one on which there was no evidence upon the question of notice, we are of the opinion that defendants failed to sustain the defense of innocent purchaser. Whether or not there is in the record any legal evidence to support the finding that Eastham paid the consideration, is a question which we need not decide, as the judgment must be reversed for the error of law committed by the Court of Civil Appeals in holding that he could be protected as an innocent purchaser without proof that he bought without notice.

We are also of the opinion that the deed from Pace to Eastham on its face shows, prima facie at least, that the latter bought only such title as his grantor had. Harrison v. Boring, 44 Texas, 262, 263. No proof was offered of the circumstances attending it and as to the adequacy of consideration to give a different character to the transaction. The opinion in the case referred to will sufficiently direct another trial of this question, and it is unnecessary for us to further discuss a subject which would not probably be made clearer by anything we could say than it has already been made by the decisions.

Most of the propositions of the defendants in error proceed upon the misconception which we have endeavored to point out, as to the character of plaintiffs' title, and need not be further noticed.

The contention that the evidence warranted the court below in find-

ing that Pace in fact paid Robert Hunter for the land the money consideration recited in the deed, presents a question of fact upon which the Court of Civil Appeals found against the defendants. There was evidence tending to support the last finding, and it is therefore binding on this court, but not upon the District Court upon another trial. Railway v. Echols, 87 Texas, 345, 346.

Other contentions present questions of fact not passed on in the courts below, and which this court can not resolve.

For the reasons indicated, the judgments will be reversed and the cause remanded.

*Reversed and remanded.*