### J. M. Woody v. J. M. Strong et al.

Decided February 9, 1907.

**1.—Deed—Quitclaim—Innocent Purchaser.**
    A purchaser for a valuable consideration without notice of a prior unrecorded deed, if the deed to him does not in terms convey the land itself, but only the right, title, interest and claim of his vendor, is not entitled to the benefit of that provision of article 4640 of the Revised Statutes, which declares such prior conveyance to be void as to "all . . . subsequent purchasers for valuable consideration without notice." Deed held to be a quitclaim deed. Hunter v. Eastham, 95 Texas, 648, followed.

**2.—Tax Sale—Proof.**
    To establish title to land under a tax sale made in 1886 the proof must show full compliance with the statute on that subject. Where land was sold for both the State and county taxes and no proof was made of the levy of the county tax, the title failed.

Error from the District Court of Clay County. Tried below before Hon. A. H. Carrigan.

*S. A. Denny* and *Garnett & Eldridge,* for plaintiff in error.—The de-

fendant J. M. Woody and those under whom he claims title were innocent purchasers of the land in controversy for a valuable consideration and the court should have so instructed the jury and directed them to find for defendant or should at least have submitted that question to the jury. Garrett v. Christopher, 74 Texas, 453; Richardson v. Levi, 67 Texas, 366; Pool v. Heirs Foster, 49 S. W. Rep., 923; Kempner v. Beaumont Lumber Co., 20 Texas Civ. App., 308; Moore v. Swift, 67 S. W. Rep., 1065; White v. Dupree, 40 S. W. Rep., 965; Nelson v. Bridge, 12 Court Rep., 830, 831.

*W. T. Allen,* for defendant in error.

STEPHENS, ASSOCIATE JUSTICE.—The defendants in error, plaintiffs below, deraigned title to the land in controversy through a deed from Albert Eldridge to James C. Strong, dated August 22, 1876, and filed for record March 11, 1893. Plaintiff in error deraigned title through a deed from Albert Eldridge to A. D. Goodenough, dated May 4, 1891, and filed for record September 15, 1891. The proof tended to show that Goodenough had bought the land in good faith, paying a valuable consideration for it, without notice of the previous deed, but he was denied the benefit of this defense, the court instructing a verdict against him, because the conveyance to him mentioned above was held to be a mere quitclaim deed, on the authority of the following cases: Threadgill v. Bickerstaff, 87 Texas, 523, and Culmell v. Borroum, 13 Texas Civ. App., 462. The following is a copy of the deed, with the description of the land omitted:

"State of Texas, County of Montague. Know all men by these presents, that I, A. A. Eldridge, of the county of Montague and State of Texas, for and in consideration of the sum of $50 to me in hand paid by A. D. Goodenough of the county of Clay and State of Texas, the receipt of which is hereby acknowledged, do by these presents, bargain, sell, release and forever quitclaim unto the said A. D. Goodenough, his heirs and assigns all my right, title and interest in and to that tract or parcel of land lying in the county of Clay, State of Texas, described as follows, to wit: .................. To have and to hold the said premises, together with all and singular the rights, privileges and appurtenances to the same in any manner belonging unto the said A. D. Goodenough, his heirs and assigns so that neither I the ——————— A. Eldridge nor his heirs, nor any person or persons claiming under me shall at any time hereafter have claim or demand any title to the aforesaid premises or appurtenances or to any part thereof. Witness my hand this the 4th day of May, 1891. Albert Eldridge."

It seems clear to us that this deed is not to be distinguished from those construed and held in the cases above cited to exclude the defense of innocent purchase. In this connection see the more recent case of Hunter v. Eastham, 95 Texas, 648, which we felt constrained to follow in Slaughter v. Coke County, 34 Texas Civ. App., 598. We understand these decisions to establish the rule in this State that a purchaser for a valuable consideration without notice of a prior unrecorded deed, if the deed to him does not in terms convey the land itself, but only the

right, title, interest and claim of his vendor, is not entitled to the benefit of that provision of article 4640 of the Revised Statutes which declares such prior conveyance to be void as to "all subsequent purchasers for valuable consideration without notice." The writer took occasion several years ago to call attention to the fact that this rule had been discarded as entirely unreasonable by the very court on whose authority mainly it had been adopted here, the Supreme Court of the United States, as will be seen from the opinion in Finch v. Trent, 3 Texas Civ. App., 571, in which the decisions of that court and the earlier decisions of our own Supreme Court are cited; and he now ventures to suggest that article 4640 should be so amended as to expressly exclude what has thus been read into it by judicial construction. The effect of this unreasonable construction, as it seems to the writer at least, is to place a purchaser at execution sale on a better footing than a purchaser in the usual course of business, notwithstanding it is provided in article 2378 that "a purchaser at sale under execution shall be deemed to be an innocent purchaser without notice in all cases where he would be deemed to be such had the sale been made voluntarily by the defendant in person;" and in article 2375, that in case of execution sale the "officer shall execute and deliver to the purchaser a conveyance of all the right, title, interest and claim which the defendant in execution had in and to the property sold." It seems at least anomalous that the very terms of conveyance which the statute directs the sheriff to insert in his deed, under which it is expressly provided an innocent purchaser shall be protected, are themselves sufficient to exclude that defense where the sale is voluntarily made, be the purchaser never so innocent. Indeed, all that can be conveyed in any case is "the right, title, interest and claim" of the vendor. When a purchaser, believing his vendor to be the owner, gets that, he naturally supposes he has obtained all there is to sell. At all events, when he buys in good faith for a valuable consideration without notice of the unrecorded deed, he should not be made to suffer loss merely because of the inartistic manner in which the deed to him happens to be drawn. So at least the writer thinks.

Plaintiff in error sought to show by circumstances that the prior deed was only a mortgage, both the grantor and the grantee being dead, and error is assigned to the exclusion of the testimony offered for this purpose, which is set out in the brief of plaintiff in error, but we are of opinion that the circumstances were entirely too remote and inconclusive to raise that issue, and that if all the testimony offered had been admitted, the court would not have been warranted in submitting it to the jury.

One other defense was interposed, that of an outstanding title resting on a tax sale made in the year 1886 for the State and county taxes for the preceding year, but as the proof failed to show full compliance with the statute on that subject the defense fell to the ground. For instance, the land was sold for both the State and county tax, and yet no proof was offered of the levy of the county tax. (Greer v. Howell, 64 Texas, 688; Earle v. City of Henrietta, 91 Texas, 305, and cases there cited.

On the foregoing conclusions, which include all the issues, the judgment is affirmed.

*Affirmed.*

Writ of error refused.