Jim McMurray v. Columbia Lumber Co. et al.

Decided May 26, 1909.

**Quit Claim Deeds—Notice of Adverse Claim.**

Deeds considered, and held to be in effect quit claim deeds, and not such as would support a plea of innocent purchaser as against claimants under a prior unrecorded deed.

Appeal from the District Court of San Jacinto County. Tried below before Hon. L. B. Hightower.

*P. E. McMahon* and *A. T. McKinney,* for appellant.

*Dean, Humphrey & Powell,* for appellee.—The plaintiff was not an innocent purchaser of the premises in controversy in this suit, because he did not buy the land itself for a valuable consideration without notice, but purchased only a chance of title. Rodgers v. Burchard, 34

Texas, 441; Harrison v. Boring, 44 Texas, 256; Milam County v. Bateman, 54 Texas, 152; Renick v. Dawson, 55 Texas, 109; Richardson v. Levi, 67 Texas, 361; Tram Lumber Co. v. Hancock, 70 Texas, 312; Daugherty v. Yates, 35 S. W., 939.

JAMES, Chief Justice.—Appellant sued in trespass to try title for 213 acres of land a part of the Isaac Jones league, and also for ten thousand dollars damages for timber cut from said tract and converted into lumber. The defendants were E. B. Harrell, Will Lee and the Columbia Lumber Company.

The Lumber Company pleaded not guilty, and alleged that it had purchased the timber on said land from Harrell, relying on his representation that he was the owner of the land, for the sum of $462, the market value of said timber; that it was in possession of the land for Harrell and Lee at the time plaintiff purchased the land, who took his deed with full notice of possession of the company.

Harrell pleaded not guilty, and alleged that he had an interest in the premises by reason of the fact that he had conveyed the land to Lee by general warranty of title, and in consideration of certain vendor's lien notes, which he had endorsed to another. Lee pleaded not guilty. There was a verdict for defendants.

The first assignment of error complains of this part of the charge: "You are instructed that the actual possession of land, if such possession is of such a character as would put a reasonably prudent person upon inquiry to ascertain the right by which such possessions were held and which inquiries if made and followed up with reasonable diligence would disclose the true state of the title, then such possession would be sufficient notice to negative and defeat the claim of innocent purchaser."

We doubt the sufficiency of the evidence to authorize a charge on the issue of notice through defendants' possession. But, in as much as we have concluded that the deeds which plaintiff took for the land were quitclaim deeds, the question submitted by the charge was immaterial. The evidence shows that the land belonged to Eliza Foster, one of the heirs of Isaac Jones—her separate property. Eliza Foster, some time in the seventies, conveyed the land by deed to D. J. E. Vann. The evidence showed that the deed, which was never recorded, was delivered by Vann to Harrell, to whom he conveyed it, and while in Harrell's possession it was burned with his house. On January 23, 1902, Harrell obtained a special warranty deed from H. A. Foster and other heirs of Eliza Foster for this land, but this deed was not placed of record until February 23, 1906. It appears that in the meantime, on September 19, 1905, H. A. Foster and other heirs of Eliza Foster, executed to plaintiff McMurray the following deed:

"The State of Texas, County of Comanche.

"Know all men by these presents, that we, the heirs of John Foster, deceased, of the county and State aforesaid, for and in consideration of the sum of ten dollars to me in hand paid by Jim McMurrey of the county of San Jacinto and State of Texas, have this day granted, sold and conveyed, and by these presents do grant, sell and convey

unto the said Jim McMurrey all of our right, title and interest in and to all of the lands we have in San Jacinto County, Texas, and to have and to hold all and singular the said premises unto the said McMurrey, his heirs and assigns forever, and we do hereby quitclaim and acquit unto the said McMurrey all interest we have in said San Jacinto County, Texas.

"Witness our hands this 19th day of September, A. D. 1905."

And on October 2, 1905, it appears he took another deed as follows:

"Original quitclaim deed from J. H. Modisett and wife, F. L. Modisett, W. E. Foster and Lula Foster of Bosque County, Texas, heirs-at-law of John Foster, to Jim McMurrey of date September ——, 1905, conveys for a consideration of $36 as follows:

"All our right, title and interest in and to all land we may have an interest in San Jacinto County, Texas, by being heirs-at-law of our grandfather, John Foster, who being a resident citizen of San Jacinto County and State of Texas."

Acknowledged by J. H. Modisett, Fannie L. Modisett, Lula Foster and W. F. Foster before J. B. Rose, notary public of Bosque County, Texas, on the 2d day of October, 1905.

We hold that said deeds, being the deeds under which plaintiff claims the title, are not such deeds as will support a plea of innocent purchaser, even if they be considered to be deeds which had the effect of conveying the title the several signers had in the land as heirs of Eliza Foster. They were nothing more than quitclaims. The second of said deeds. to plaintiff purports to convey the interest the vendors had as heirs of John Foster, not Eliza Foster. (Veatch v. Gilmer, 111 S. W., 746.) The first of these deeds might be construed as conveying any interest in the land owned by the vendors, their description, "We, the heirs of John Foster," being regarded as *descriptio personae*. But, as we hold them both to be quitclaims merely, there is no need of pursuing the question further. (Woody v. Strong, 45 Texas Civ. App., 256.)

The fourth assignment is that there was not sufficient evidence offered by defendant of the execution of the alleged deed from Eliza Foster to Vann. The proof was ample. The jury, under the charges, could not have found for defendants unless they believed the evidence given in proof of the existence of such deed.

The sixth assignment is overruled, as the deed to Vann was from Eliza Foster herself.

What has been said disposes practically of all assignments of error presented in appellant's brief. Judgment affirmed.

*Affirmed.*

Writ of error refused.