## W. F. HUDMAN v. R. A. HENDERSON ET AL.

Decided January 1, 1910.

**1.—Innocent Purchaser—Quitclaim Deed.**

A deed which conveys only the grantor's right, title and interest in land is a quitclaim deed, and a purchaser holding thereunder cannot claim to be an innocent purchaser.

**2.—School Land—Sale by Purchaser.**

Contract by a purchaser of school land for sale of same before the expiration of the occupancy period of three years, considered and held valid.

ON MOTION FOR REHEARING.

**3.—Contract for Sale of Land—Construction.**

A contract for the sale of land contained a stipulation that in the event the vendor failed or refused to consummate the sale by executing a deed he should return to the vendee the consideration. Held, that said stipulation did not give the vendor the option to execute a deed or repay the consideration. The primary and principal purpose of the parties was the sale and purchase of the land, and specific performance would be decreed.

Appeal from the District Court of Lynn County. Tried below before Hon. L. S. Kinder.

*H. C. Ferguson*, for appellant.—The proof showing that the defendant Henderson had made a contract with plaintiff to convey to him the section of land sued for, and had paid him the full value thereof as agreed on, and that a conveyance was to be made to plaintiff as soon as the suit of Sprott v. Henderson involving the title to said land was decided in favor of said Henderson, and that suit had been decided in favor of said Henderson before the institution of this suit, and that said Henderson had conveyed to the defendant Redwine subsequent to his contract with plaintiff only such interest in the land sued for as he owned at the time of executing the same, it was error for the court to refuse to render judgment for plaintiff for the land sued for and enforcing performance for said contract. Threadgill v. Bickerstaff, 87 Texas, 522; Richardson v. Levi, 67 Texas, 363; Taylor v. Harrison, 47 Texas, 460; Harrison v. Boring, 44 Texas, 261; Carter v. Wise, 39 Texas, 273; Hamman v. Keigwin, 39 Texas, 42; Rodgers v. Burchard, 34 Texas, 442.

The proof showing that the defendant Redwine had bought from his co-defendant Henderson, the section of land sued for and another of equal value, both for $900, five hundred dollars being paid in cash and the balance, four hundred dollars, was deposited in a bank to be paid to the said Henderson if the suit of Sprott v. Henderson was decided in favor of said Henderson and to be returned to the said Redwine if it was not so decided, and that said Redwine paid said four hundred dollars to the said Henderson long after he had both actual and constructive notice of plaintiff's purchase of said land, it was error for the court to refuse to specifically enforce said contract, both against the said Henderson and the said Redwine. Same authorities, also Fraim v. Frederick, 32 Texas, 309.

It was error for the court to hold that the defendant Redwine was a bona-fide purchaser for value without notice, when the conveyance under which he holds the lands only conveys to him such interest as the defendant Henderson had in it at the time he executed the same, and that the said Henderson had prior thereto executed the obligation sued on by which he bound himself to convey the land to plaintiff as soon as the suit of Sprott v. Henderson was decided in favor of said Henderson, and he had received the full consideration for said land at the time of the execution of said contract, and that said suit of Sprott v. Henderson had been decided in favor of said Henderson, and it further appearing that all the purchase money, except an insignificant amount, was paid by said Redwine to said Henderson long after he had both actual and constructive notice of said Henderson's prior obligation to convey the said land to plaintiff.  Fraim v. Frederick, 32 Texas, 309.

The court erred in holding that the defendant Henderson had the option, under the contract sued on, to either convey the land sued for or return the purchase money, when the contract obligated the said Henderson to convey the land on the happening of the event stated, and acknowledged the receipt of all the purchase money for the land, clearly importing that it was only in the event of his inability to convey the land that he was to return the purchase money.  Hemming v. Zimmerschitte, 4 Texas, 164.

The contract sued on being an absolute sale of the property and nothing left to be done except to execute a formal conveyance when the title became clear and to deliver possession, could not constitute an option, even though it added the legal obligation to refund in case of default.  Williams v. Graves, 7 Texas Civ. App., 366; 21 Am. & Eng. Enc. Law, 925.

*L. W. Dalton,* for appellee.—When one buys school land as additional land to his home section, and he is in possession and settled and living on his home section, and it is in good standing, the one who purchases the additional land from him and becomes an actual settler on one of the tracts and applies regularly for that tract and the one as additional to it, and is accepted by the Land Office as a substitute purchaser regularly and makes his proof of occupancy, the sale to him having been made before three years' occupancy expired, and that is lived up; and puts permanent and valuable improvements on the additional tract, he gets a good title to said additional tract, even against one who had a contract to convey said additional tract from the original owner, but of which contract the first vendee had no notice until long after he had completed his occupancy; and this is true, regardless of whether or not he had paid all the purchase money, or in fact any of it.  Rev. Stats., art. 4218k; Mast v. Tibbles, 60 Texas, 305.

Where it is shown that the land itself was bought and not a mere chance of it, then the instrument is not quit claim, and one can be an innocent purchaser; also, if one follows the statutes in becoming a substitute purchaser and is accepted by the Land Office, he holds the land against any secret contract the original purchaser may have made,

regardless of the nature of the instrument he got from him, and he is an innocent purchaser.

For statement as to what may be considered in determining whether a deed is a quitclaim or not, see Harrison v. Boring, 44 Texas, 255; Carleton v. Lombardi, 81 Texas, 357.

The use of the word "quitclaim" does not restrict the conveyance if other language employed in the instrument indicates the intention to convey the land itself. Richardson v. Levi, 67 Texas, 366; Tram Lumber Company v. Hancock, 70 Texas, 314; Garrett v. Christopher, 74 Texas, 454; Nelson v. Bridge, 39 Texas Civ. App., 283.

See deed held to be for the land, and not a mere quitclaim for the chance of it. Abernathy v. Stone, 81 Texas, 432; Allen v. Anderson, 16 Texas Ct. Rep., 343 (good case).

To ascertain whether a deed be a quitclaim, all the facts may be looked to to show whether the deed be a release of claim to or a conveyance of the land. Taylor v. Harrison, 47 Texas, 461; Nelson v. Bridge, 39 Texas Civ. App., 283.

The doctrine that the grantee in a quitclaim deed is not to be treated as a bona fide purchaser applies only to quitclaim deeds in the strict sense of that species of conveyance. Harrison v. Boring, 44 Texas, 255; Richardson v. Levi, 67 Texas, 364; Allen v. Anderson, 16 Texas Ct. Rep., 343.

The general rule is that a holder of land by a mere quitclaim deed cannot be regarded as a bona fide purchaser without notice. Exception to the general rule is where the quitclaim deed has a habendum clause. Finch v. Trent, 3 Texas Civ. App., 568; Allen v. Anderson, 16 Texas Ct. Rep., 343; Stone v. Sledge, 24 S. W., 679.

The language of a deed is to be considered in the light of surrounding circumstances. Towns v. Brown, 114 S. W. (Ky.), 773; Bernero v. McFarland, R. E. Co., 114 S. W., 531.

SPEER, ASSOCIATE JUSTICE.—W. F. Hudman sued R. A. Henderson and M. M. Redwine to enforce specific performance of the following contract:

"The State of Texas,
County of Lynn.

"This agreement this day entered into between R. A. Henderson, party of the first part, and W. F. Hudman, party of the second part, witnesseth: That said party of the first part for and in consideration of the following described property to wit:

"One bay horse about 14½ hands high, nine years old and unbranded.

"Also one bay horse about 14½ hands high, four years old and branded X on left thigh.

"Also two sorrel horses, one four and one five years old, branded R. F. on left shoulder.

"Also four buggies, one Perry buggy been in use about thirteen months, and three new Banner buggies.

"Two new sets of single buggy harness and one set of old single buggy harness and one set of new double harness. Said property of

the reasonable market value of three hundred and twenty dollars. Said property this day sold and delivered by the party of the second part to the said party of the first part herein.

"The said party of the first part agrees to make, execute and deliver to the party of the second part a good and sufficient deed to a certain section of State school land in Lynn County, Texas, after a certain suit which is now pending involving the title to said land shall have been terminated in favor of the party of the first part herein. Said land described as follows, to wit: Being all of State school section No. 448, cert. No. 446 in block No. 1, E. L. & R. R. R. Co. Said land of a reasonable market value of three hundred and twenty dollars.

"It is further agreed and understood by and between the parties herein mentioned that if the said party of the first part herein shall fail or refuse from any cause to execute and deliver said deed to said party of the second part then and in that event the party of the first part shall deliver to the party of the second part said property herein conveyed by him, and in the event of his failure or inability to deliver said property then the party of the first part shall pay to the party of the second part the reasonable market value of said property.

"It is further agreed and understood between and by the parties to this contract that the party of the second part agrees to pay off and discharge any and all indebtedness that may be against said property herein conveyed, and to warrant and defend the title to the same against any and all encumbrances, liens and claims whatsoever.

"In testimony whereof we have hereunto set our hands and seals this 5th day of September, 1903.

"R. A. Henderson, party of the first part.
"W. F. Hudman, party of the second part."

M. M. Redwine pleaded specially that he was a purchaser of the land in good faith from Henderson, paying therefor a valuable consideration; and furthermore, that the contract sought to be enforced was void in being in contravention of public policy, the land being State school land. The court, before whom the case was tried, denied plaintiff a recovery of the land, but gave him judgment against Henderson for its agreed value, and the plaintiff has appealed.

In the view we take of the case, an examination of the instrument of conveyance under which Redwine claims is fatal to his right to recover the land. The deed is as follows:

"The State of Texas,
County of Lynn.
Know all Men by These Presents, That I, R. A. Henderson, of the county of Lynn and State of Texas, for and in consideration of the sum of five hundred dollars ($500), and other considerations to me in hand paid by M. M. Redwine, of the county of Lynn and State of Texas, the receipt of which is hereby acknowledged, do by these presents bargain, sell, release and forever quitclaim unto the said M. M. Redwine, his heirs and assigns, all of my right, title and interest in

and to that certain tract or parcel of land lying in the county of Lynn, and State of Texas, described as follows, to wit:

"All of section (102) one hundred and two, block 1, cert. 113, D. & W. R. R. Co., and all of section (448) four hundred and forty-eight, block 1, cert. 446, E. L. & R. R. Co.

"Said land sold and awarded by the Comr. of the Genl. Land Office to Jno. Green, October 1, 1902, at $2.00 per acre and transferred by Jno. Green to R. A. Henderson, July 31, 1903.

"To have and to hold the said premises together with all and singular the rights, privileges and appurtenances thereto in any manner belonging unto the said M. M. Redwine, his heirs and assigns forever so that neither I, the said R. A. Henderson, nor my heirs, nor any person or persons claiming under me shall at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof. Witness my hand at Tahoka, this 9th day of January, A. D. 1905.          (Signed)   R. A. Henderson."

That this instrument is not a conveyance of the land but merely of the grantor's right, title and interest, or in other words the mere chance of title, is settled by the cases of Hunter v. Eastham, 95 Texas, 648; National Oil and Pipe Line Co. v. Teel, 95 Texas, 586, and Slaughter v. Coke County, 34 Texas Civ. App., 598. And it is useless to cite authorities for the proposition that one can not claim to be an innocent purchaser for value under such a conveyance.

We know of nothing in our school land law, either statutory or otherwise, that would prohibit a contract such as that entered into between appellant and Henderson. If the proper interpretation of this contract is that Henderson should continue to occupy the land for the prescribed time and make the necessary proof of occupancy, then the transaction finds authority in the case of Witcher v. Wiles, 33 Texas Civ. App., 69 (75 S. W., 889), where the awardee of State school land made a bond for title agreeing to convey the land two years and ten months from date, or after proof of three years' occupancy had been made by him. The validity of this instrument was attacked by another, who desired to purchase the land and had made application for it, but the transaction was sustained both in this court and in the Supreme Court by the refusal of a writ of error. On the other hand, if the proper interpretation is that Hudman contemplated a substitution of himself as purchaser when the Sprott-Henderson suit had been terminated, then clearly the same is authorized by our statute regulating the sales of school land.

We find it unnecessary to determine what effect should be given to the conduct of Redwine in paying a part of the purchase money to Henderson after notice of appellant's rights. The judgment of the District Court is reversed as to the title to the land in controversy and judgment is here rendered in appellant's favor, but the cause will be remanded for trial between appellant and appellee Redwine on the issue of improvements made in good faith. Reversed and rendered in part and remanded in part.

OPINION ON APPELLEE REDWINE'S MOTION ASKING LEAVE TO FILE A
SECOND MOTION FOR REHEARING.

On October 30, 1909, the judgment in this cause was reversed and
the judgment rendered in favor of appellant Hudman. Thereafter, on
December 4th, appellees' motion for a rehearing was overruled, and
we now have presented to us the prayer of appellee Redwine for leave
to file a second motion for rehearing, raising what he denominates a
fundamental error apparent on the face of the record which was over-
looked by us on the former hearings. The point made is this: In the
contract between Henderson and Hudman, specific performance of
which was decreed by our original opinion, the following stipulation
occurs: "It is further agreed and understood by and between the par-
ties herein mentioned that if the said party of the first part herein
shall fail or refuse from any cause to execute and deliver said deed
to said party of the second part, then and in that event the party of
the first part shall deliver to the party of the second part said property
herein conveyed by him, and in the event of his failure or inability to
deliver said property then the party of the first part shall pay to the
party of the second part the reasonable market value of said property."
The insistence is that by virtue of this stipulation, Henderson expressly
reserved the right to refuse to carry out the contract to convey the
land, in which event the extent of his liability would be for the rea-
sonable market value of the property conveyed to him, which it was
agreed was three hundred and twenty dollars. The case of Durst v.
Swift, 11 Texas, 273, is urged as being decisive of the question.
Without entering into a lengthy review of that decision we think it
is sufficient to call attention to the fact that the Supreme Court in
that case held the contract to be one "for the conveyance of five and
one-half leagues of land lying in certain named counties, but not by
any defined or certain boundaries or local description. It is, in other
words, a contract to make title to so much land generally, but not
to any particular tract of land so described as to be capable of being
identified and made the subject of a suit for specific performance.
And in case of the failure of the defendant to comply with the un-
dertaking to make the titles within the time specified it is stipulated
that he shall in lieu thereof pay to the obligee, his heirs and assigns,
a certain specified sum of money. It is therefore a contract for the
payment of money, not absolutely but conditionally in the event of
failure to make title."

The present case is more analogous to and should be ruled by the
decision of our Supreme Court in Moss & Raley v. Wren, 102 Texas,
567. Mr. Chief Justice Gaines there says: "We have numerous de-
cisions holding that although there is a stipulation in the contract
of this character (for) payment of a fixed sum of money as liquidated
damages, does not affect the contract for sale of the land, but that
the seller can enforce specific performance," and the authorities are
cited in that case. A rehearing was subsequently granted (102 Texas,
569), but this principle was reaffirmed. The stipulation of the con-
tract above quoted is obviously intended only as an agreement on
the part of Henderson to return the consideration in the event he

should fail or refuse to convey the land covered by the contract. The primary and principal purpose of the parties was the sale and purchase of the land, and not an undertaking on the part of Henderson to pay any sum of money whatever.

Appellees' motion for leave to file a second motion for rehearing is therefore refused.

*Reversed and rendered in part, and remanded in part.*