SMITH v. COOK et al.

(Court of Civil Appeals of Texas. Amarillo. Nov. 11, 1911. Rehearing Denied Dec. 15, 1911.)[1]

1. DEEDS (§ 25*) — MODE OF CONVEYANCE — QUITCLAIM.

A deed, by which the grantor "bargained, sold, released, and forever quitclaimed" certain described lots, "to have and to hold the said premises" with their appurtenances to the grantee and his heirs and assigns forever, so that neither the grantor nor his heirs, nor any person claiming under him, shall hereafter have or claim any right or title to the prem-

[1] Filed in the Court of Civil Appeals at Ft. Worth February 1, 1911, and transferred to this court July 1, 1911, by order of the Supreme Court.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ises, was a quitclaim deed, and had the effect to convey whatever right, title, and interest the grantor had at the time of its execution.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 49; Dec. Dig. § 25.*]

2. VENDOR AND PURCHASER (§ 224*)—BONA FIDE PURCHASERS—QUITCLAIM DEED—NOTICE.

The grantee in a quitclaim deed is not a bona fide purchaser without notice.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 469–473; Dec. Dig. § 224.*]

3. TRESPASS TO TRY TITLE (§ 53*)—DAMAGES—USE AND OCCUPATION.

Rev. St. 1895, art. 5277, provides that defendant in trespass to try title, who has been in possession for at least one year, may set up in his pleadings the making of permanent and valuable improvements; and article 5273 provides that, where one of the parties in trespass to try title is in possession, the court, on finding for the adverse party, shall assess damages for the use and occupation of the premises within two years, with costs. Plaintiff in trespass to try title established a title against defendant, who had been in possession and occupation for less than a year, and who set up a claim for improvements. Held, that plaintiff was entitled to recover the rental value of the property from the beginning of defendant's possession to the date of the trial.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 85, 86; Dec. Dig. § 53.*]

4. APPEAL AND ERROR (§ 1180*)—REVERSAL—RELATED JUDGMENTS.

Where a judgment between a defendant in trespass to try title and his warrantor, brought in by a cross-bill, follows and is the result of the error of the court in rendering judgment between the plaintiff and the defendant, it will be reversed as to the matters and issues made by the cross-bill and remanded for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4627–4629; Dec. Dig. § 1180.*]

Appeal from District Court, Cottle County; Jo. A. P. Dickson, Judge.

Trespass to try title by J. M. Smith against H. P. Cook, in which defendant brought a cross-bill against his warrantor of title. Judgment for defendant, and that he should take nothing on his cross-bill, and plaintiff appeals. Judgment reversed and rendered in favor of plaintiff against defendant Cook, and judgment on cross-bill reversed and remanded for new trial.

Fires & Diggs and Crosby & Hamilton, for appellant. R. D. Browne, O. T. Warlick, Whatley & Hawkins, and E. B. Perkins, for appellees.

PRESLER, J. This is a suit by appellant in the court below, in form of trespass to try title, for the recovery of lot 10, in block No. 7, in the town of Paducah, Cottle county, Tex., and for damages. Appellee H. P. Cook answered by a general denial, plea of not guilty, improvements in good faith and also vouched in his vendor, A. A. Neff, on his warranty of title, and also alleged against said Neff that he (the said Neff) had agreed with defendant H. P. Cook, after it was discovered that appellant was claiming title to the land that if he (Cook) should complete the erection of the building already begun on said premises he (the said Neff) would protect Cook for the full amount of all improvements which he was placing on said premises. Appellee Neff answered by plea of general denial, not guilty, and specially that he purchased the property in good faith from R. Potts, paying him a sufficient and valuable consideration therefor, and without notice of any outstanding claim of any nature; and further pleaded, as against the cross-bill of appellee Cook, the statute of frauds and want of consideration in the alleged contract to protect the said Cook for the amount of his improvements. Appellee Cook also asked for judgment removing the cloud from his title to the premises. The cause was tried before the court without a jury, and resulted in a judgment that the appellant take nothing by his suit, and that appellee Cook's title to the property be quieted, and that the said Cook take nothing by his cross-bill against defendant Neff, and that appellant and his sureties on his cost bond pay all costs of suit. From which judgment appellant duly appealed, and brings the cause to this court for revision.

As we view the case, as disclosed by the record and the evidence adduced on the trial thereof, the decisive question herein is presented under appellant's first assignment of error, which is as follows: "The court erred in rendering judgment for the defendant H. P. Cook for the land and property in controversy herein, to wit, lot No. 10, in block No. 7, in the town of Paducah, Cottle county, Tex., and in not rendering judgment for plaintiff against H. P. Cook for the recovery of said property, for the reason that plaintiff showed title to said property by virtue of a warranty deed of conveyance, executed by R. Potts, conveying said property to him (plaintiff); and that defendant H. P. Cook also claims title to said property under said R. Potts, as a common source of title, and the pretended and so-called chain of title under which said defendant claimed and asserted ownership in said property was a quitclaim deed from said R. Potts to one A. A. Neff, and a deed from said Neff to said defendant H. P. Cook; and that said quitclaim deed from said Potts to Neff was executed and delivered after said Potts had conveyed said property to plaintiff, and thereby said Neff and his vendee, defendant H. P. Cook, did not acquire the title to said property, it being in the plaintiff at the time of the execution and delivery of said quitclaim deed from Potts to Neff at the time of execution and delivery of said deed by Neff to the said defendant, H. P. Cook"—that is, as to the construction to be given the deed from Potts to Neff,

referred to in said assignment. It appears that all parties deraigned title under R. Potts as a common source, and that the said Potts conveyed the property to appellant by warranty deed on the 21st day of September, 1906; that this deed was properly acknowledged for record and recorded in the deed records of Cottle county on September 29, 1909; that the deed under which appellees deraigned title, and which is alleged by appellant to be a quitclaim, was executed by said R. Potts to the appellee A. A. Neff on the 31st day of August, 1909, and was properly acknowledged and filed for record in the deed records of Cottle county on August 31, 1909; that the deed from Neff to the appellee Cook was executed on September 3, 1909, and filed for record on the same date. The deed from Potts to Neff, above referred to, and alleged to be only a quitclaim, is as follows (omitting the part thereof describing the property conveyed):

"State of Texas, County of Cottle. Know all men by these presents, that I, R. Potts, a single man, of the county of Cottle and state of Texas, for and in consideration of the sum of $2,500.00 to me cash in hand paid, by A. A. Neff, of San Bernardino county, state of California, the receipt whereof is hereby duly acknowledged and confessed, have bargained, sold, released and forever quitclaimed, and by these presents do hereby bargain, sell, release and forever quitclaim, unto the said A. A. Neff, of San Bernardino county, state of California, and his heirs and assigns, all my right, title and interest in and to that certain tracts or parcels of land lying and being situated in the county of Cottle, and state of Texas, and known and described as follows, to wit: [Then follows a large number of lots, described by block and number, including the lot in controversy.] Together with several small tracts described by metes and bounds, * * * and all other real estate that I now own and am possessed of in the town of Paducah, in Cottle county, Texas. All of the above town property is situated in the town of Paducah, in Cottle county, Texas, as shown by the original recorded plat of said town, of record in volume 5, page 81, in the deed records of Cottle county, Texas; and it is my intention here and now to convey to the said A. A. Neff all the real estate that I own in said town of Paducah in Cottle county, Texas, whether it is set out above or not. To have and to hold the said premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging to the said A. A. Neff and his heirs and assigns forever, so that neither I, the said R. Potts, nor my heirs nor any person or persons claiming under me, shall at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof. Witness my hand at Paducah, Texas, on this the 31st day of August, A. D. 1909. R. Potts."

[1, 2] Upon an extended review of the authorities cited and other cases decided by the courts of this state, involving the question here presented, we are of the opinion that the instrument above set out, under which appellees hold, construed as a whole, can only be given the effect of a quitclaim deed as to the lot in controversy, and had the effect only to convey whatever right, title, and interest the grantor had at the time of its execution; and that the appellee Cook cannot be deemed a bona fide purchaser, without notice, as is well settled by the decisions in this state, following the doctrine announced in Rodgers v. Burchard, 34 Tex. 441, 7 Am. Rep. 283; Threadgill v. Bickerstaff, 87 Tex. 523, 29 S. W. 757; Finch v. Trent, 3 Tex. Civ. App. 568, 22 S. W. 132, 24 S. W. 679; Woody v. Strong, 45 Tex. Civ. App. 256, 100 S. W. 801; Hudman v. Henderson, 124 S. W. 186; Hunter v. Eastham, 95 Tex. 653, 69 S. W. 66; McMurrey v. Lumber Co., 120 S. W. 246; Richardson v. Levi, 67 Tex. 361, 3 S. W. 444; and Harrison v. Boring, 44 Tex. 255.

[3] We therefore conclude that said assignment should be sustained, and the judgment complained of herein reversed and rendered in favor of appellant for the property sued for, and it also appearing from the evidence that the appellees had been in possession of said property for less than one year prior to the filing of this suit, and therefore not entitled to offset rents by improvements made on the property, and that the rental value thereof was $50 per month from the 1st day of November, 1909, and that appellee Cook had been in possession of the same from said date, we therefore conclude that appellant is entitled to have and recover from appellee Cook rent on said property at the rate of $50 per month from and after the said 1st day of November, 1909, to the date of the trial of this cause in the court below, amounting in aggregate to the sum of $625, together with all costs of suit. Revised Statutes, art. 5273 and art. 5277; Overton v. Meggs, 105 S. W. 208–210; Estell v. Cole, 62 Tex. 698.

[4] It further appearing to the court that the judgment rendered by the court below against the appellee H. P. Cook upon his cross-bill against appellee A. A. Neff, seeking to recover against said Neff on his warranty of title to said appellee Cook, and upon an alleged contract to make said Cook whole against any loss on account of improvements made on the property involved in this suit, followed, and was the result of the error of the court below in rendering judgment against appellant, and awarding the land in controversy to the appellee Cook. We therefore conclude that this cause, so far as it relates to the matters and issues made by said cross-bill between appellees Neff and Cook, should be here reversed and remanded for a new trial, and that, as heretofore said, it should be reversed and rendered in favor

of appellant and against appellee Cook for the land in controversy, and the sum of $625, as rent, and all costs of suit, and it is accordingly so ordered.

HALL, J., not sitting.