### HAGAMAN et al. v. SHAKLEE et al. *
(No. 8198.)

(Court of Civil Appeals of Texas. Galveston. June 3, 1922. Rehearing Denied June 29, 1922.)

**1. Vendor and purchaser ⬥224—Quitclaim deed will not support claim of purchase without notice.**

A quitclaim deed will not support a claim of purchase in good faith, without notice, as against one holding an unrecorded deed, executed and delivered by the same grantor prior to the execution and delivery of the quitclaim deed.

**2. Deeds ⬥25—Instrument held quitclaim deed.**

A deed entitled "Quitclaim Deed," and providing that the grantor did thereby quitclaim, grant, bargain, sell and convey all his right, title, interest, estate, and every claim and demand in and to the described property to the grantee to have and to hold unto her and her heirs and assigns forever, etc., was no more than a quitclaim deed.

**3. Vendor and purchaser ⬥244—Evidence held to show purchasers knew their deed was a quitclaim deed.**

In trespass to try title, evidence *held* to show that the grantees in a deed, who claimed to have purchased in good faith, without notice of a prior unrecorded deed, understood that their deed was but a quitclaim deed.

**4. Vendor and purchaser ⬥245—Evidence held insufficient to make issue as to payment of consideration for quitclaim deed.**

In trespass to try title, evidence *held* insufficient to make an issue as to the payment of consideration for a quitclaim deed, relied on in support of a purchase in good faith, without notice of a prior unrecorded deed.

Appeal from District Court, Houston County; W. R. Bishop, Judge.

Trespass to try title by W. T. Cole against V. G. Hagaman and others. From a judgment for plaintiff, defendants other than M. A. Shaklee appeal. Affirmed.

---

*Writ of error refused October 18, 1922.

Aldrich & Crook, of Crockett, for appellants.

Madden & Denny, of Crockett, and Bower Broaddus, of Muskogee, Okl., for appellees.

LANE, J. W. T. Cole, one of the appellees herein, brought this suit in the usual form of suits of trespass to try title to two certain tracts of land situated in Houston county, Tex., which are fully described in the petition, against Hattie E. Hagaman, V. G. Hagaman, Sidney Lansford, and Sunshine Petroleum Company, appellants, and others whom it is unnecessary to mention.

The defendants Hattie E. Hagaman, V. G. Hagaman, Sidney Lansford, and the Sunshine Petroleum Company answered by general denial, and for further answer they alleged that they were purchasers of the land from and under one M. A. Shaklee, who is conceded to be the common source of title, in good faith, for a valuable consideration paid by them, without notice or knowledge of the prior title of the plaintiff, W. T. Cole.

### Facts.

It is agreed that M. A. Shaklee is the common source of title. It was shown that on the 17th day of December, 1918, M. A. Shaklee, by his warranty deed of that date, conveyed the land in controversy to the plaintiff W. T. Cole, which said deed was filed for record in Houston county, Tex., on the 18th day of April, 1919; that on the 15th day of April, 1919, the said M. A. Shaklee executed and delivered to V. G. Hagaman, the husband of Hattie E. Hagaman, the following instrument:

"Quitclaim Deed (Individual Form).

"This indenture made this 15th day of April, A. D. 1919, between M. A. Shaklee (of Sedgwick Co. Kans.) of the first part, and Hattie E. Hagaman of the second part, witnesseth: That said party of the first part, in consideration of the sum of one dollar to him in hand paid, the receipt of which is hereby knowledged, do hereby quitclaim, grant, bargain, sell and convey unto the said party of the second part, all his right, title, interest, estate, and every claim and demand both at law and in equity in and to all the following described property, to wit: [Here follows a description of the land in controversy.]

"To have and to hold the above-described premises, unto the said Hattie E. Hagaman, her heirs and assigns forever, so that neither the said M. A. Shaklee or any person in his name and behalf shall or will hereinafter claim or demand any right or title to the said premises or any part thereof but they and every one of them shall by these presents be excluded and forever barred.

"In witness whereof, the said party of the first part has hereunto set his hand the day and year first above written.

"[Signed]    M. A. Shaklee."

It is shown that Lansford and the Sunshine Petroleum Company claim under Hattie E. Hagaman and V. G. Hagaman, and that they purchased after the deed of Cole was recorded, and that prior to their purchase they had an abstract of title to the land which showed the deed from Shaklee to Cole, and the quitclaim deed from Shaklee to Hattie E. Hagaman and V. G. Hagaman.

V. G. Hagaman is the husband of Hattie Hagaman, the (purported) purchaser from Shaklee, and handled the entire transaction for his wife in making such purchase. He testified that he knew the deed from Shaklee to his wife was a quitclaim deed only, but that he considered Shaklee's quitclaim deed as good as a warranty deed. Hattie E. Hagaman in her testimony corroborates the testimony of her husband with reference to the deed. Sidney Lansford testified that he knew that such deed was a quitclaim deed only.

One J. H. Keaton testified, without objection, that he was the agent of M. A. Shaklee in the deal between Shaklee and Cole, and that some time after this deal was consummated Shaklee told him that he (Shaklee) had given a quitclaim deed on the land sold to Cole, to help some friend out, but knew at the time that he had no interest in the land.

With reference to the consideration paid by Hattie E. Hagaman to Shaklee, V. G. Hagaman testified that he could not recollect what was paid, but that he thought "an automobile was delivered to Shaklee as part consideration therefor."

Hattie E. Hagaman testified that she did not know what was paid as a consideration for the land.

Defendant Sidney Lansford, apparently in an effort to explain why V. G. Hagaman had no recollection of what was paid for the land, testified that he had had a number of transactions with V. G. Hagaman, and that, while he is a very intelligent man, he does not remember anything. In an effort to supply evidence of the payment of a consideration for the land by Hattie E. Hagaman, Lansford testified about several trades or transactions between V. G. Hagaman, M. A. Shaklee, and himself, involving the sale and purchase of a business building in Oklahoma, oil leases, lands and oil stocks, etc., and the considerations passing from one to the other. In effect this witness, however, testified that he had no knowledge of the consideration paid by Hagaman to M. A. Shaklee for the land, except what those parties told him. He testified that he thought one or two automobiles were delivered by Hagaman to Shaklee as part of said consideration, as he saw Shaklee in possession of said automobiles, and confusing the considerations passing between these parties he testified as follows:

"Mr. Hagaman owed Mr. Shaklee for making this deal between he and I. I paid Mr. Shaklee $1,300 in cash for my part of the commission. That commission was settled between them in this deal on this land."

He does not attempt to explain how the debt owed by Hagaman to Shaklee could have figured as any part of a consideration alleged to have been paid by Hagaman to Shaklee for the land in controversy. Taking this witness' testimony as a whole as to the consideration paid by Hagaman to Shaklee for said land, it is too confusing, vague, indefinite, and uncertain to be of any probative force whatever.

Upon the pleadings and evidence the trial court instructed the jury selected to try the cause to return a verdict for the plaintiff, W. T. Cole, which was accordingly done, and thereupon judgment was rendered in favor of Cole for the land against all of the defendants. From this judgment V. G. Hagaman and wife, Hattie E. Hagaman, Sidney Lansford, and the Sunshine Petroleum Company have appealed.

The only questions submitted for our decision are:

First. Is the deed to the land in controversy from M. A. Shaklee, the common source of title, to Hattie E. Hagaman such an instrument as will support a plea of purchase in good faith, for value, without notice, as against W. T. Cole, the holder of a prior unrecorded deed to the same land?

Second. If said deed be such instrument, was there any evidence which would require the submission of the issue as to whether or not any consideration was paid to Shaklee by Hattie E. Hagaman, or any one for her, as a consideration for the execution thereof?

[1] A negative answer to either of these questions would support the judgment of the trial court, and as a consequence demand at our hands the overruling of the contentions of appellants upon this appeal. We have, however, reached the conclusion that both of said questions should be answered in the negative. That the deed from Shaklee to Hattie E. Hagaman is a quitclaim deed only, and that it was so considered by the parties concerned thereby, cannot be reasonably questioned. It is well settled that a deed such as the one from Shaklee to Hattie E. Hagaman will not support a claim of purchase in good faith, without notice, to land, as against one holding an unrecorded deed to the same land executed and delivered by the same grantor prior to the execution and delivery of the one first mentioned. Barksdale v. Benskin (Tex. Civ. App.) 194 S. W. 402; Hunter v. Easthan, 95 Tex. 648, 69 S. W. 66; Slaughter v. Coke County, 34 Tex. Civ. App. 598, 79 S. W. 863; Thorn v. Newsom, 64 Tex. 161, 53 Am. Rep. 747; Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940, by the Supreme Court overruling Garrett v. Christopher, 74 Tex. 453, 12 S. W. 67, 15 Am. St. Rep. 850; Woody v. Strong, 45 Tex. Civ. App. 256, 100 S. W. 801.

[2] It seems clear to us that the deed from Shaklee to Hattie E. Hagaman is not to be distinguished from those construed and held in the cases cited, as well as many others, to exclude the defense of innocent purchaser. We have found no case in which an instrument containing similar terms as those in the deed under consideration in this case has been construed to be other than a quitclaim deed.

[3] We think the instrument under discussion on its face shows clearly that its maker intended to quitclaim to the vendee only such claim or interest in the land as he might own therein. We also think that from the undisputed evidence it is clearly made to appear that V. G. Hagaman, who negotiated the entire transaction for the vendee, Hattie E. Hagaman, and who received the instrument from the grantor, well understood that the same was but a quitclaim deed. Therefore, under all the decisions which we have examined on the subject, said instrument is but a quitclaim deed, and insufficient to support the claim of innocent purchaser, pleaded by appellants.

[4] We have also reached the conclusion that there was no evidence of probative force to show that any valuable consideration was paid by the Hagamans to Shaklee for the execution of said deed.

For the reasons pointed out, we overrule the contentions of appellants, and affirm the judgment.

Affirmed.