## D. F. GARRETT v. J. H. CHRISTOPHER.

### No. 6248.

1. **Bona Fide Purchaser—Quit Claim.**—It seems that one claiming under or through a quit claim deed can not be protected as a bona fide purchaser.

2. **Same—Construction.**—The use of the words *quit claim* in a deed does not restrict the conveyance if other language employed in the instrument indicates the intention to convey the land itself.

3. **Same.**—The deed contained the words "do by these presents sell, convey, remise, release, and quit claim unto the said * * * his heirs and assigns forever, all our right, title, claim, interest, and demand in and to and for [the land, describing it], to have and to hold the above described premises unto the said [grantee], his heirs and assigns forever." *Held*, from this language it is clear that it was the intent thereby to convey the land itself, and not to release the claim thereto by the grantors.

ERROR from Taylor. Tried below before Hon. Wm. Kennedy.

The opinion states the case.

*Charles I. Evans*, for plaintiff in error.—1. A subsequent purchaser under a quit claim deed strictly speaking can not claim protection as an innocent purchaser. Rodgers v. Burchard, 34 Texas, 441; Harrison v. Boring, 44 Texas, 260; Taylor v. Harrison, 47 Texas, 459; Thorn v. Newsom, 64 Texas, 161.

2. A quit claim deed only passes the present interest of the grantor, and those who hold or claim under or through such a deed can not be considered as innocent purchasers. Runyon v. Smith, 18 Fed. Rep., 579; Carter v. Wise, 39 Texas, 275; Milam County v. Bateman, 54 Texas, 168; Rodgers v. Burchard, 34 Texas, 441.

*Spoonts & Legett*, for defendant in error.—Defendant was an innocent purchaser for value. Vaughan v. Greer, 38 Texas, 530; Love v. Berry, 22 Texas, 378; Taylor v. Harrison, 47 Texas, 459, limiting Rodgers v. Burchard, 34 Texas, 441; Holmes v. Johns, 56 Texas, 41; Graham v. Hawkins, 38 Texas, 635; Fletcher v. Ellison, Posey's U. C., 661.

ACKER, PRESIDING JUDGE.—D. F. Garrett brought this suit against J. H. Christopher in trespass to try title to 160 acres of land patented to I. G. Mabry, assignee of Tilghman Berry. Both parties deraign title from the patentee.

The plaintiff claims title through a lost deed, alleged to have been executed by the patentee to Wm. A. Hall on February 1, 1856, and mesne conveyances to himself.

The defendant claims title through conveyance from the widow and children of Mabry, the patentee, to Geo. W. Jalonick and C. Von Carlowitz, executed in 1881, and mesne conveyances to himself.

The trial was without a jury, and judgment rendered for defendant, from which this writ of error is prosecuted.

The court filed conclusions to the effect that the plaintiff had failed to prove the execution of the lost deed under which he claims, and that the defendant was a bona fide purchaser of the land for a valuable consideration paid by him without notice, actual or constructive, of plaintiff's claim.

Under the view we entertain as to the law which must govern in the disposition of the case it will be sufficient to consider the fourth assignment only, which relates to the court's conclusion that the defendant was an innocent purchaser for value; for if the court was correct in that conclusion it is immaterial whether plaintiff proved the execution of the lost deed or not. Plaintiff's title papers were not filed for record until the 8th day of December, 1884. The defendant purchased the land and received a conveyance therefor on the 3d day of May, 1884. It is certain that he did not have constructive notice of plaintiff's prior unrecorded title at the time he purchased, and it is not claimed that he had actual notice. It was proved conclusively that he paid the consideration of twelve hundred dollars in cash at the time he purchased the land.

But it is contended by plaintiff in error that the deed from the widow and children of the patentee to C. Von Carlowitz, through which defendant claims, is a quit claim and will not support the defense of innocent purchaser.

If the deed is a quit claim, in the strict sense of that species of conveyances, then the assignment is well taken. Whether the conveyance be a quit claim or not is dependent upon the intent of the parties to it, as that intent appears from the language of the instrument itself. If the deed purports and is intended to convey only the right, title, and interest in the land, as distinguished from the land itself, it comes within the strict sense of a quit claim deed and will not sustain the defense of innocent purchaser. If it appears that it was the intention to convey the land itself, then it is not such quit claim deed, although it may possess characteristics peculiar to such deeds. The use of the words "quit claim" does not restrict the conveyance if other language employed in the instrument indicates the intention to convey the land itself. Richardson v. Levi, 67 Texas, 366; Lumber Co. v. Hancock, 70 Texas, 314.

The language of the deed now under consideration is: "Do by these presents sell, convey, remise, release, and quit claim unto the said C. Von Carlowitz, his heirs and assigns forever, all our right, title, claim, interest, and demand in and to and for" the land, describing it. Had the deed stopped here and contained no language indicating a different intent we would be constrained to hold that it is quit claim and conveyed only the vendor's chance of title instead of the land. In immediate connection with the language just quoted the deed contains the following: "To have and to hold the above described premises unto the said C. Von Carlowitz, his heirs and assigns, forever." From this language we think

it quite clear that the parties intended by this instrument to convey the land itself, and that it is not simply a quit claim deed.

We think the court did not err in the conclusion complained of by the fourth assignment, and we are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted June 25, 1889.