**J. M. RADFORD GROCERY CO. et al. v. SHAW, Banking Com'r. (No. 467.)**

Court of Civil Appeals of Texas. Eastland. June 22, 1928.

Rehearing Denied Oct. 5, 1928.

420

J. W. Moffett and W. E. Lessing, both of Abilene, for appellants.

Hamner & Ponder, of Sweetwater, for appellee.

HICKMAN, C. J. This suit was instituted by appellant J. M. Radford Grocery Company against appellant J. T. Ball, appellee James Shaw, banking commissioner of Texas, and J. E. Norton to establish and foreclose an abstract of judgment lien against four sections of land in Nolan county. Since we have determined that the question of limitation is decisive of the appeal, and since our holding on that question renders it unnecessary for us to consider and determine the other questions of law discussed in the briefs, we shall make a statement of such facts and proceedings only as throw light upon that issue.

The appellant grocery company's judgment, which was the foundation of its alleged lien, was against J. E. Norton; the abstract thereof being filed, duly recorded, and indexed on the 26th day of December, 1923, in Nolan county. James Shaw, banking commissioner, in his answer, sought to foreclose an abstract of judgment lien against the lands in controversy, founded upon the registration of an abstract of judgment rendered in the district court of Stephens county in favor of his predecessor in office against J. E. Norton, which abstract of judgment was filed in Nolan county on the 30th day of November, 1923, and was duly recorded and indexed by the clerk thereof. J. E. Norton filed a disclaimer of any interest in the land in controversy. Appellant Ball, the owner of the land at the time of trial, in his answer pleaded, among other defenses, the three-year statute of limitation (Vernon's Ann. Civ. St. 1925, art. 5507).

The trial court found that the appellant grocery company had no lien upon the land in controversy, because its judgment, which was abstracted, was not a final judgment, in that it failed to dispose of one of the parties thereto, and upon that ground recovery was denied said company. We shall not dispose of the questions raised by said appellant as to the correctness of the holding of the court in this regard, for the reason that, in our opinion, as before stated, the case is controlled by appellant Ball's plea of limitation, and appellant grocery company is as effectually barred thereby as is the appellee, Shaw.

The land in controversy in the hands of Norton was highly incumbered by various vendor's lien notes. Appellant Ball was the holder and owner of certain of the notes. A deed of trust, bearing date November 1, 1923, but in fact executed and acknowledged on January 14, 1924, and filed for record January 15, 1924, was executed and delivered by Norton and wife to Walter Carter, trustee, covering all of said land, to better secure the notes held by appellant Ball. Immediately upon the execution and filing of said deed of trust, the trustee proceeded to take steps to advertise the property for sale, and the property was, in fact, sold by him, as trustee, to appellant Ball on the first Tuesday in February, 1924, it being the 5th day of that month. On the same day Norton and wife executed to Ball a deed of conveyance, conveying all of said land to him. The court finds that:

"Defendant Ball took possession of the lands in suit, and has held same under sufficient possession ever since to maintain three years' limitation, if his title would support such limitation."

The only question presented, therefore, on the issue of limitation, is the sufficiency of appellant Ball's title to support his claim.

■■ The only link in Ball's chain of title connecting him with the sovereignty of the soil, which is attacked in appellee's brief, is that link resting upon the trustee's deed of February 5, 1924, and the deed of Norton and wife, executed on the same day, above referred to. The claim of a judgment creditor of a lien upon real estate by virtue of the rec-

ordation of an abstract of judgment is such an adverse claim to lands as will be barred under a valid claim of limitation under the three and five year statute (Vernon's Ann. Civ. St. 1925, arts. 5507, 5509). A purchaser of land from a judgment debtor, who enters into possession thereof under title, or color of title, from and under the state of Texas, and maintains such possession peaceably, continuously, and adversely for more than three years before the commencement of a suit to foreclose the judgment lien, thereby acquires an adverse title, separate, distinct, and independent from the title formerly held by the judgment debtor, and with which such purchaser, under his newly acquired title, is no longer in privity, and thereby frees and discharges the land of the lien of a judgment creditor created by the filing and recording of an abstract of judgment against the judgment debtor prior to the sale of the land by the judgment debtor. White et al. v. Pingenot, 49 Tex. Civ. App. 641, 90 S. W. 672 (error refused).

■ The facts in this case disclose that the abstracts of judgment against Norton were filed prior to the sale to Ball by the trustee, and that Ball's possession, after the sale and before the filing of this suit, was peaceable, continuous, and adverse for more than three years. The only real attack made by appellee upon Ball's limitation title is that the trustee's deed, dated February 5, 1924, from the trustee, Carter, to Ball, was void because notices of sale were not posted in the manner and for the length of time required by law. The trial court found that the notices of sale were insufficiently posted and published, and upon this finding decreed that the sale under the deed of trust was void; that the deed from Norton and wife to Ball, of even date with the trustee's deed, being a part of the same transaction, could not form a link in the chain of title; and judgment was accordingly rendered against Ball's plea of limitation and for a foreclosure of appellee's judgment lien.

We cannot agree that the sale by the trustee under the deed of trust to appellant Ball was void. The notices required by law in the sale of real estate under a deed of trust are for the protection of the mortgagor. As to him the remedy is a harsh one, and as to him a sale without the required notices would be invalid. But no such interest is possessed by the public, or by a subsequent lienholder, in such sale, as to render it void, when the mortgagor himself is satisfied. Walker v. Taylor (Tex. Civ. App.) 142 S. W. 31 (error denied). As stated by the court in the above case:

"We do not see what right a second mortgagee has to attack the validity of the sale under the circumstances of this case. * * * The mortgagor, mortgagee, and trustee were satisfied, and no one else had the right to complain."

In the instant case we are not left to speculate whether Norton, the mortgagor, and Carter, the trustee, were satisfied, for, the very day the property was sold by the trustee, Norton and wife, as a further protection to Ball against any deficiencies that might be found to exist in the proceedings under the deed of trust sale, executed and delivered to Ball their deed of conveyance, prepared by the trustee, conveying to him the same property covered by the trustee's deed, thereby evidencing beyond question that they were satisfied with the proceedings and with the acquisition of title to the property by Ball. It is our opinion that the trustee's deed is not void, but constitutes a sufficient link in Ball's chain of title to support his plea of limitation under the three-year statute.

■ But, should we be mistaken in this conclusion, we think there can be no question but that the deed executed on February 5, 1924, by Norton and wife to Ball, was a valid conveyance of the premises in question, and will, in connection with the other links in Ball's chain of title, support his plea of limitation, independent of the trustee's deed, and even though it should be held that such trustee's deed was absolutely void. Appellant Ball not only pleaded title under the trustee's deed, but also pleaded title under the deed from Norton and wife. This deed is not attacked for fraud, and Norton disclaims any interest in the land. It clearly conveyed to Ball all of the interest which Norton and wife had in the land on the date of its execution, and no reason can be perceived by this court why same does not constitute a valid link in Ball's chain of title. Appellee describes the deed as a quitclaim. Even if it were a quitclaim, it has been held that a quitclaim deed may be sufficient title on which to base adverse possession under the statute of limitation. Parker v. Newberry, 83 Tex. 428, 18 S. W. 815; McDonough v. Jefferson County, 79 Tex. 538, 15 S. W. 490; Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53; Merriman v. Blalack, 56 Tex. Civ. App. 594, 121 S. W. 552; Benskin v. Barksdale (Tex. Com. App.) 246 S. W. 360.

■ But was the deed not more than a quitclaim? It recited a consideration of $100 cash paid by Ball, acknowledging receipt thereof. It bargained, sold, released, and forever quitclaimed unto Ball, his heirs and assigns, all right, title, and interest of Norton and wife to the lands in controversy. It contained the following habendum or granting clause:

"To have and to hold the said premises, together with all and singular the rights, privileges, and appurtenances thereto in any manner belonging, unto the said J. T. Ball, his heirs and assigns, forever, so that neither we, the said J. E. Norton and Mary Norton, nor our heirs, nor any person or persons claiming under us, or either of us, shall at any time here-

after have, claim, or demand any right or title to the aforesaid premises or appurtenances or any part thereof."

It is our opinion that the deed conveyed the land to Ball and was more than a mere quitclaim. Richardson v. Levi, 67 Tex. 364, 3 S. W. 444; Garrett v. Christopher, 74 Tex. 453, 12 S. W. 67, 15 Am. St. Rep. 850; Abernathy v. Stone, 81 Tex. 432, 16 S. W. 1102; Bedford v. Rayner Cattle Co., 13 Tex. Civ. App. 618, 35 S. W. 931; Benskin v. Barksdale (Tex. Com. App.) 246 S. W. 360; Benton Land Co. v. Jopling (Tex. Com. App.) 300 S. W. 28. The judgment of the trial court should have been in favor of appellant Ball on his plea of limitation.

There is no reason for remanding this cause for another trial. The trial court has found, and the finding is unquestioned by appellee or appellant grocery company, that "Ball took possession of the lands in suit, and has held same under sufficient possession ever since to maintain three years' limitation, if his title would support such limitation." There is, therefore, no issue of fact to be determined by the trial court, but only a question of law, which we have determined in favor of appellant Ball. It is therefore our order that the judgment of the trial court, in so far as recovery was denied J. M. Radford Grocery Company, be affirmed, and that such judgment, in so far as recovery was allowed James Shaw, banking commissioner, and denied appellant Ball under his plea of limitation, be reversed, and here rendered in favor of Ball and against the commissioner. One-half the costs of this appeal will be taxed against appellant J. M. Radford Grocery Company, and one-half against appellee James Shaw, banking commissioner.

Affirmed in part, and reversed and rendered in part.