## WILLIAMS v. RABB.
### No. 5875.

Court of Civil Appeals of Texas.
Texarkana.

Feb. 26, 1942.

Rehearing Denied March 12, 1942.

122

Schluter & Singleton and M. L. Walters, Jr., all of Jefferson, and B. F. Whitworth, of Linden, for appellant.

Shelburne H. Glover, of Jefferson, for appellee.

JOHNSON, Chief Justice.

This suit was filed by Levi Williams against Tom B. Blackbourn and J. M. Rabb in trespass to try title to twenty acres of land in Marion County. Williams also sought to cancel the following instruments: (1) A general warranty deed executed by Williams purporting to convey the land to Blackbourn dated July 9, 1937, and filed for record same date. This instrument was sought to be cancelled on grounds of fraud alleged to have been practiced on Williams by Blackbourn in procuring its execution, in that Blackbourn induced Williams to execute same by falsely and fraudulently representing the instrument to be an oil and gas lease, Williams being uneducated and unable to read same; (2) an instrument of conveyance dated August 31, 1937, filed for record October 2, 1937, executed by Blackbourn to Rabb, which Williams claims is merely a quitclaim deed purporting to convey only Blackbourn's "rights, title and interest" in the land, as distinguishable from a "conveyance of the land." Blackbourn answered by filing a plea disclaiming any interest in the land. Rabb's answer contains a general denial, plea of not guilty, and that he was an innocent purchaser for value and without notice of the alleged fraud committed by Blackbourn upon Williams. Trial to the court without a jury resulted in judgment discharging Blackbourn by reason of his disclaimer, and decreeing that Williams take nothing by reason of his suit against Rabb. Williams has appealed.

The judgment expressed the trial court's findings that Blackbourn procured the deed dated July 9, 1937, through the alleged fraud practiced by him upon appellant, but that Rabb was an innocent purchaser for value and without notice of such fraud.

Appellant's first proposition, in substance, asserts that the trial court erred in not holding that the testimony of appellee Rabb shows that prior to his purchase from Blackbourn he had actual knowledge of certain facts which were sufficient, as a matter of law, to charge him with notice of the fraud practiced by Blackbourn in procuring the deed from appellant. Rabb testified, in substance, that he was a resident of Shreveport, Louisiana, unacquainted with Blackbourn, Williams, or the land, when he was approached by Blackbourn who showed him his recorded deed from Williams and offered to sell him the land; that he told Blackbourn that he, Blackbourn, would have to furnish some reference, get some person to recommend him; that "Blackbourn said for us to get in his car and he would show me the land and give me reference"; whereupon they drove to and inspected the twenty acres (same being off the South end of a 55-acre tract owned by Williams) that it looked like the twenty acres would include some fruit trees and a barn, and probably a part of the residence in which Williams lived, but that the land not having been surveyed, he could not say as to whether or not such improvements were included in the twenty acres; that he wanted to see Williams but that Williams was not at home and he did not get to see him; that Williams had a crop growing on the twenty acres and Blackbourn said he could not give possession until Williams gathered his crop; that Blackbourn said the dwelling house occupied by Williams was located on the twenty acres, "and I (Rabb) said 'that is a yarn' * * * and he (Blackbourn) said he thought it was." Q. "Before you traded with him you caught him in a story about telling you the house was on it?" A. "He might have thought it was. I said, 'Blackbourn, it ain't,' and he said, 'Maybe it ain't.' You can look at anything not surveyed, and maybe it isn't. I didn't think enough about that to make any difference after Smith recommended him." Appellant Williams testified that the orchard, barn and part of the dwelling house were located on the twenty acres. After inspecting the land, Rabb and Blackbourn went to see a Mr. J. P. Smith whom Rabb describes as being "a very prominent man" residing in Vivian, Louisiana, and who recommended Blackbourn to Rabb, after which they closed the trade and Blackbourn executed and delivered the deed to Rabb. It is contended that the fact that Williams was in possession of the land was sufficient as a matter of law to put Rabb on inquiry of Williams as to his rights in the land, which inquiry would have led to the discovery of the fraud theretofore practiced by Blackbourn in procuring the deed from Williams. As a

general rule, when possession is held by one other than the vendor of the record title, the purchaser is charged with knowledge or put upon inquiry as to the rights of the possessor, the same as though such rights were of record. Carver v. Moore, Tex. Com.App., 288 S.W. 156; 43 T.J. 659 § 389. But, as here, in the absence of knowledge of any facts to the contrary, the purchaser is not bound to make inquiry beyond the recorded deed executed by the one in possession purporting to convey the land to the person from whom the purchaser is acquiring same. Eylar v. Eylar, 60 Tex. 315; National Bond & Mortgage Corp. v. Davis, Tex.Com.App., 60 S.W.2d 429; 43 T.J. 664, § 391.

■ It is further contended, in substance, that the statements made by Blackbourn while he and Rabb were inspecting the land, wherein Blackbourn said that the residence was located on the twenty acres and when disputed by Rabb, then Blackbourn said, "I thought it was," and "maybe it ain't", were sufficient as a matter of law to charge Rabb with notice of the fraud practiced by Blackbourn on Williams in procuring the deed from Williams to Blackbourn. We think said statements made by Blackbourn with respect to whether the residence was located on the twenty acres are reasonably referable to his opinion of where upon the ground the unsurveyed north line of the twenty acres would lie. Such statements do not tend to dispute or cast suspicion on the record deed held by Blackbourn from Williams to the twenty acres, regardless of whether the improvements would or would not be located on the twenty acres when surveyed.

■ It is further contended that Rabb's testimony shows that he did not in fact rely on the deed from Williams to Blackbourn, in that he required Blackbourn to furnish a reference recommending him before dealing with him. The fact that Rabb took the additional precaution of making a reasonable effort to learn whether Blackbourn, a stranger to him, was honest, would not, in our opinion, show as a matter of law that Rabb did not rely on the recorded deed held by Blackbourn. Whether Rabb did or did not rely on the recorded deed held by Blackbourn was a question of fact, determined adversely to appellant's contention by the trial judge trying the facts. We are unable to say that his finding is without support in the testimony.

It is further contended that the deed from Blackbourn to Rabb is merely a quitclaim deed and for that reason is insufficient as a predicate for the plea of innocent purchaser on the part of the grantee, Rabb. The deed reads as follows:

"The State of Texas ⎫
County of Marion ⎬ Warranty Deed

Know All Men by These Presents:

"That I, Tom B. Blackbourn of Caddo Parish, La., for and in consideration of the sum of Five Hundred and No/100 Dollars, to me in hand paid by J. M. Rabb of Monroe, La., the receipt of which is hereby acknowledged, do by these presents Bargain, Sell, Convey and Deliver, unto the said J. M. Rabb, with full guarantee and Warrantee of title, his heirs and assigns, all my rights, title and interest in and to that certain tract or parcel of land lying in the County of Marion and State of Texas, described as follows, to-wit:

" 'Consisting of 20 acres out of a part of the Robert Maxwell Survey in Said County and State, and being out of 55 acres of a 160 acre tract in said Survey, more fully described in that certain deed from Levi Williams, et ux, to Tom B. Blackbourn, dated January 22, 1931, and recorded in Vol D-2, page 612 of the Deed Records of Marion County, Texas, to which deed and the record thereof reference is here made for a more particular description.

" 'The 20 acres herein conveyed is the South 20 acres of the above described 55 acre tract, the South Boundary line of said 55 acres shall constitute the South boundary line of the 20 acres herein conveyed, and the same shall extend far enough north to cover and include 20 acres no more and no less.'

"It is hereby understood and agreed that Ten acres (10) of the minerals, undivided out of the above described 20 acres of the 55 acres tract is hereby reserved to the grantor, Levi Williams.

"To Have and to Hold the said premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging unto the said J. M. Rabb, his heirs, and assigns forever, and I do hereby bind myself, my heirs, executors and administrators, to warrant and forever defend, all and singular, the said premises unto the said J. M. Rabb, his heirs and assigns, forever against every person whomsoever lawfully claiming or to claim the same, or any part thereof."

It is well settled that a quitclaim or deed which purports to convey no more than the title of the grantor, such as it may be, as distinguishable from the conveyance of the land itself, will not sustain the defense of an innocent purchaser. 14 T.J. 964 § 185 et seq.

"The character of an instrument, as constituting a deed to land or merely a quitclaim deed, is to be determined according to whether it assumes to convey the property described and upon its face has that effect, or merely professes to convey the grantor's title to the property. If, according to the face of the instrument, its operation is to convey the property itself, it is a deed. If, on the other hand, it purports to convey no more than the title of the grantor, it is only a quitclaim deed. Richardson v. Levi, 67 Tex. [359], 364, 3 S.W. 444; Threadgill v. Bickerstaff, 87 Tex. 520, 29 S.W. 757. The intention of the instrument is to be confined, of course, to that which its terms reveal; but it should be considered in its entirety, and if, taken as a whole, it discloses a purpose to convey the property itself, as distinguished from the mere title of the grantor, such as it may be, it should be given the effect of a deed, although some of its characteristics may be those of a quitclaim deed." Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, 1095, 3 A.L.R. 940.

It is contended that the instrument under consideration must be construed as a quitclaim deed by reason of the following language contained therein: "I, Tom B. Blackbourn * * * do by these presents bargain, sell, convey, and deliver unto the said J. M. Rabb * * * all my rights, title and interest in and to that certain tract or parcel of land * * *." If the character of the instrument were dependent alone upon construction of the above-quoted language, we would agree with appellant's contention. Culmell v. Borroum 13 Tex.Civ.App. 458, 35 S.W. 942, writ refused 90 Tex. 93, 37 S.W. 313; Threadgill v. Bickerstaff, supra; Richardson v. Levi, supra; but, in ascertaining the intention of the parties, the instrument in its entirety must be considered. When the instrument is considered as a whole it is seen to contain language indicating an intention to convey the land, especially wherein it refers to the land as "the 20 acres herein conveyed," and reserves from the conveyance an undivided mineral interest amounting to ten acres out of the said twenty acres. When all parts of the instrument are taken into consideration, we are unable to say that the learned trial judge erred in construing it as showing the intention to convey the land and not merely the title of the grantor, such as it might be. Cook v. Smith, supra.

The judgment of the trial court is affirmed.