**W. C. BRYAN et al., Petitioners,**

v.

**C. W. THOMAS, Respondent.**

No. A–9163.

Supreme Court of Texas.

Feb. 6, 1963.

Jones & Jones, Mineola, Woodrow H. Edwards, Mt. Vernon, for petitioners.

Clark & Clark, Greenville, for respondent.

CULVER, Justice.

The petitioners, W. C. Bryan, together with his children and the heirs of J. E. Johnson, brought this suit under the provisions of the Texas Declaratory Judgment Act to construe a mineral deed executed by Mrs. Josie Bryan, the widow, and the children of W. B. Bryan, in favor of C. W. Thomas and for a decree determining the mineral interests of the parties in a certain tract of land situated in Hunt County. The deed to Thomas recited a conveyance of "all of our undivided interest" in and to all the oil, gas and other minerals in and under the described tract of land, together with a general warranty. That deed was executed and filed for record in February, 1960.

In 1924 W. B. Bryan became the record owner of an undivided ½ interest in the minerals in this 100-acre tract of land involved here.

The contention of the plaintiffs, petitioners here, is that in 1924 W. C. Bryan, J. E. Johnson and W. B. Bryan, entered into a joint venture relationship to acquire mineral properties and that this undivided

½ interest standing in the name of W. B. Bryan was owned in the proportion of ⅓ each.

The trial court adjudged the ownership as follows: ⅟₉₆ interest in the minerals to W. C. Bryan and his children, an undivided ⅟₁₂ interest to the heirs of J. E. Johnson, and an undivided ³⁹⁄₉₆ to C. W. Thomas. The Court of Civil Appeals modified this judgment so as to vest in W. C. Bryan and his children a ⅟₁₂ interest in the minerals and otherwise affirmed. 359 S.W.2d 131. To that modification none of the parties object.

The petitioners complain, however, of the action of the Court of Civil Appeals in overruling without discussion what they say were the two major points presented on appeal, namely, that as a matter of law the evidence established the joint enterprise between the two Bryans and Johnson and therefore the W. C. Bryans and the Johnson heirs each own an undivided ⅓ interest of the undivided ½ or an undivided ⅙ in the minerals underlying the entire tract of 100 acres, and secondly, that there is no evidence to support the implied holding of the trial court that the mineral deed from Mrs. Josie Bryan et al. to C. W. Thomas conveyed more than an undivided ⅙ mineral interest to him. The record contains no findings of fact and conclusions of law.

In our opinion the petitioners have not proved as a matter of law that they are entitled to a greater interest than that determined by the Court of Civil Appeals, namely, ⅟₁₂ to each group.

Petitioners introduced a document carrying the date of August 9, 1924, listing certain properties among which is a ⅟₁₆ royalty in the Latham 100-acre tract with the notation that these properties are jointly owned by W. B. Bryan, J. E. Johnson and W. C. Bryan, each owning a ⅓ undivided interest and signed by the three parties named therein. W. C. Bryan testified that the signatures are genuine.

The record shows that W. B. Bryan and W. C. Bryan did, on the 21st of February, 1936, convey an undivided ¼ interest in the ⅟₁₆ royalty in the Latham 100 acres to W. A. Moncrief for a term of 15 years and on the same day leased the tract to W. A. Moncrief for a term of 10 years. The record further shows that thereafter on the 20th day of August, 1936, W. B. Bryan conveyed by deed to W. C. Bryan an undivided interest in the minerals which the Court of Civil Appeals has construed to be a ⅟₁₂. Also on the 23rd day of December of the same year W. B. Bryan conveyed to J. E. Johnson an undivided ⅟₁₂ interest in the minerals. All of these conveyances appear to have been promptly recorded in the deed records.

■ We think the trial court could properly have based its judgment upon the conclusion that C. W. Thomas was an innocent purchaser for value and without notice, actual or constructive, of any undisclosed claim on the part of the petitioners.

In many, if not in a majority of the jurisdictions, the rule is that a recorded quitclaim deed when taken in good faith for a valuable consideration without notice, will prevail over a prior unrecorded deed. On the other hand, some states including Texas, have taken the view that a quitclaim deed conveys only the interest of the grantor at the time he makes it and that a recorded quitclaim deed will not exclude the operation of a prior unrecorded deed. See 59 A.L.R. pp. 633–649, 162 A.L.R. p. 560.

However, Finch v. Trent, 3 Tex.Civ. App. 568, 22 S.W. 132, 133 (1893) no writ history, observes that "[w]hile the doctrine that a quitclaim deed will not support a title founded alone upon a bona fide purchase has been the recognized rule in this state since the decision in Rodgers v. Burchard, 34 Tex. [441, 442] 453, and Harrison v. Boring, 44 Tex. [255] 260, the trend of the later cases seems to be towards a restriction of the rule." This trend seems to have continued, as borne out for example, by Williams v. Rabb, Tex.Civ.App. (1942), 161 S.W.2d 121, wr. ref. In that case the deed read: "[D]o by these presents bar-

gain, sell, convey, and deliver * * * all my rights, title and interest in and to that certain tract or parcel of land." But since the deed made reference to the land as "the 20 acres herein conveyed" and the grantor reserved an undivided 10-acre mineral interest, the deed was held to indicate an intention to convey the land. Therefore, it was held to be not merely a quitclaim deed but was sufficient to support the plea of innocent purchaser. See also Benskin v. Barksdale, Tex.Com.App. (1923), 246 S.W. 360; Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62 (1959).

In Garrett v. Christopher, 74 Tex. 453, 454, 12 S.W. 67, it is said that "[i]f it appears that the intention was to convey the land itself, then it is not such quitclaim deed, although it may possess characteristics peculiar to such deeds."

The deed under consideration here from Mrs. Bryan to Thomas is more than a quitclaim deed. It recites that the grantors "have granted, sold, conveyed, assigned and delivered and by these presents do grant, sell, convey, assign and deliver unto the said grantee all of our undivided interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described land situated in Hunt County, Texas, * * *." The deed also grants to Thomas the right of ingress and egress at all times for the purpose of mining, drilling and exploring said land for oil, gas and other minerals and removing the same therefrom. It provides that the grantee shall own all gas and other minerals in and under said lands, together with all royalties and rentals that might be provided in future oil and gas leases, and concludes with the usual habendum and general warranty clauses.

■ To remove the question from speculation and doubt we now hold that the grantee in a deed which purports to convey all of the grantor's undivided interest in a particular tract of land, if otherwise entitled, will be accorded the protection of a bona fide purchaser.

This view of the matter finds full support in Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, 3 A.L.R. 940. The opinion in that case draws this distinction: "If, according to the face of the instrument, its operation is to convey the property itself, it is a deed. If, on the other hand, it purports to convey no more than the title of the grantor, it is only a quitclaim deed." The deed in that case read: "have bargained, sold, released and forever quitclaimed * * all my right, title and interest in and to that certain tracts or parcels of land * * * and all other real estate that I now own and am possessed of in the town of Paducah in Cottle County, Texas." So far, the conveyance was said to constitute merely a quitclaim. But the deed proceeded further to say "and it is my intention to here now convey to the said A. A. Neff all the real estate that I own in said town of Paducah in Cottle county, Texas, whether it is set out above or not." The court held that the latter clause clearly disclosed the intention of the grantor to convey all of the property which he owned in the town of Paducah. Therefore the purchaser was to be regarded as a bona fide purchaser for value and entitled to protection as such. We can see no material distinction between a conveyance of all of the real estate one owns in a town and a conveyance of all of the grantor's undivided interest in a certain tract. The interest conveyed is no more definite in one than in the other.

Also Benton Land Co. v. Jopling (Tex. Com.App.1927), 300 S.W. 28, citing Cook v. Smith, makes the following pertinent holding:

" * * * If the language of the instrument, as a whole, is such as reasonably to imply a specific purpose on the part of the parties to effect a transfer of particular rights in respect to the land described therein, the instrument, so far as such particular rights are concerned, should be treated as purporting a conveyance of the rights themselves, and not as a mere quitclaim. This we regard as the underlying principle of the

holding, so often made, to the effect that, if the language of the instrument fairly implies a purpose to convey the land itself—i. e. the particular rights constituting ownership—the instrument is not a mere quitclaim deed. * * *"

We might add by way of illustration, suppose the Bryan to Thomas deed had read "we have granted, sold and conveyed our one-half undivided interest less the fractional interests heretofore conveyed by W. B. Bryan to J. E. Johnson and W. C. Bryan as shown of record," no one would question the right of the grantee as a bona fide purchaser. That conveyance would be more definite as to the quantity of the interest conveyed, but not at all more certain of the intention to convey title to the undivided interest than as expressed in the deed actually given by Mrs. Bryan.

Petitioners contend that the conveyances to Moncrief were sufficient to put Thomas on notice that W. C. Bryan owned some interest in the minerals. Even if this be true, the deed records show that after the execution of these instruments W. B. Bryan conveyed to W. C. Bryan an undivided interest which petitioners pleaded and maintained was an undivided $\frac{1}{12}$ and the Court of Civil Appeals so construed the conveyance.

We are of the opinion therefore that one inspecting the deed records would be justified in assuming that whatever equitable interest W. C. Bryan might have had, it was conveyed to him by the later deed from W. B. Bryan. The judgment of the Court of Civil Appeals is affirmed.

SMITH, Justice (concurring).

I concur in the result. The petitioners, plaintiffs in the trial court, have failed to prove either a legal or equitable title. Therefore, the question of innocent purchaser need not be decided. The Court has unnecessarily passed upon the question, and more than that has held contrary to the well-settled rule governing the construction of deeds similar to the one involved in the present case. Another thing, the Court apparently is charging Thomas with the burden of proving that he was an innocent purchaser. The burden of proof is always with the party asserting an equitable title. In this case, the burden of proof was with Petitioners, W. C. Bryan et al., and not Thomas. Bryan et al. failed to offer any evidence to show that Thomas was not an innocent purchaser. For that reason, if none other, Thomas should recover. See: Tasher v. Foster Lumber Co., Tex.Civ. App., 205 S.W.2d 665, no wr. hist.; Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62.

The Court should not select this case as a forum to announce new theories and new law. We should select a case where the issue is squarely drawn and fully presented.

I concur in the result.