**Garland PENNY, Appellant,**

v.

**E. N. ADAMS et al., Appellees.**

**No. 308.**

Court of Civil Appeals of Texas.

Tyler.

Nov. 9, 1967.

Rehearing Denied Nov. 30, 1967.

Enoch G. Fletcher, Grand Saline, for appellant.

Ramey, Ramey & Neal, Jack G. Neal, Sulphur Springs, F. L. Garrison, Gilmer, Vaughan O. Stewart, Henderson, for appellees E. N. Adams and others.

James K. Wilson, Houston, for appellee Humble Oil & Refining Co., Dillard Baker, Houston, of counsel.

SELLERS, Justice.

Garland Penny, the appellant herein, brought this suit in trespass to try title against E. N. Adams and others to recover about nine acres of royalty under certain land located in Rains County, which land was producing oil at the time the suit was brought.

The case was tried to the court without a jury and, after hearing, the court rendered a judgment for the defendants that the plaintiff take nothing.

Humble Oil & Refining Company, one of the defendants, is the owner of a valid oil and gas lease on the land and has been

paying royalties under the terms of the lease to the other defendants in the trial court, Adams, Thrash and Coe. Thrash and Coe claim title under Adams. Adams purchased his interest in the land by a warranty deed dated February 1, 1954, which was filed for record on February 24, 1954. The deed was executed by Cora Brooks Penny and others. This deed provided as follows:

"* * * have Granted, Sold and Conveyed and by these presents do Grant, Sell and Convey, unto the said E. N. Adams, of the County of Rains, State of Texas, all that certain tract, lot or parcel of land, situated in Rains County, Texas, and being all our undivided interest, in the following described land, to-wit: * * *."

At the time this deed was executed, Cora Brooks Penny and others had previously, on September 19, 1945, executed a non-participating royalty deed conveying one-half royalty under the land for twenty years, and as long thereafter as there was production of oil and gas from the land. This instrument was not filed for record until February 6, 1954. It is under this conveyance that the appellant claims title to his nine acres of royalty. On the trial, it was agreed and found by the trial court that Adams, the grantee in the deed by Cora Brooks Penny and others, executed on February 1, 1954, paid a valuable consideration for the same and had no notice of the royalty deed executed on September 19, 1945, under which the appellant claims. Upon these facts, the trial court found that appellee Adams was an innocent purchaser for value, and rendered judgment that appellant take nothing. From this judgment, the appellant has duly prosecuted this appeal.

It is the contention of appellant on this appeal that the deed to appellee Adams, above referred to, is a quitclaim deed which will not support a claim of innocent purchaser. Regardless of what the authorities have been in the past, it would seem to be now settled that a conveyance of all of the grantee's undivided interest in a particular tract of land to a grantee, if otherwise entitled, will be protected as a bona fide purchaser. Bryan et al. v. Thomas, 365 S.W.2d 628. We quote from this authority:

"The deed under consideration here from Mrs. Bryan to Thomas is more than a quitclaim deed. It recites that the grantors 'have granted, sold, conveyed, assigned and delivered and by these presents do grant, sell, convey, assign and deliver unto the said grantee all of our undivided interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described land situated in Hunt County, Texas, * * *.'

"* * *

"To remove the question from speculation and doubt we now hold that the grantee in a deed which purports to convey all of the grantor's undivided interest in a particular tract of land, if otherwise entitled, will be accorded the protection of a bona fide purchaser."

We can see no legal distinction in the provision in this deed from that in the deed to Adams, and for this reason, we are of the opinion that the trial court's judgment that appellant Adams was an innocent purchaser for value must be sustained.

The judgment of the trial court is affirmed.